Opinion of the Court.
SMITH, by his agent, Elijah Grant, sold to Dicken a described boundary of land, at the price of two dollars and fifty cents per acre, two hundred dollars whereof was paid down, and on the first of September 1817, Dicken gave his obligation to pay the residue in two annual and equal payments, the first to be paid to said Smith or his legal representatives, at or upon the first day of November 1818, and the second on the first day of November 1819. In March 1819, this action of covenant was brought by Smith, upon Dicken’s obligation to pay the stipulated price for the land. The declaration, after setting forth the obligation, and with suitable averments alleging the residue of the price for the land unpaid, and which was stipulated by Dicken to be paid in two equal annual payments, to be eighteen hundred and thirty-five dollars, for breach avers, “ that the said Dicken did not pay unto the said Smith the said sum of $ 1,835, or any part thereof, to wit, the one half, or any part thereof, on the first day of November 1818, which to him on or before said day he ought to have paid,” &c. Dickers failed to plead, and under a writ of inquiry awarded for that purpose, the jury assessed damages to the amount of $ 1,941 59 cents, and judgment was there, upon rendered against him by the court. To reverse that judgment, Dicken has prosecuted this writ of error, with supersedeas.
The first question demanding the attention of this court, involves an inquiry into the sufficiency of the *210 declaration. When the action was commenced, there appears to have been payable, but one half of the price for which Dicken gave his obligation ; and it is contended, on the part of Dicken, that in averring a failure to pay $ 1835, the full price, the breach assigned in the declaration should be adjudged erroneous. If the declaration is understood to allege the breach in the nonpayment of the entire price of the land, there can be no doubt of its irregularity ; for at the commencement of the action against him, Dicken can have committed no breach of his covenant, in not paying that part of the price which had not then become payable, and for a subsequent breach damages cannot be recovered in this action. But on the part of Smith, it was contended, that the declaration should not be construed to assign a breach in the non payment of the entire price. It was admitted, that the previous part of the assignment of breaches would seem to imply an averment of Dickon’s failure as to the whole ; but it was urged, that from what follows after the videlicet, there can be no reasonable doubt, but that it was intended to aver the breach, exclusively, in Dicken’s failure to pay that moiety of the price which had become payable before the action was commenced against him.
The proper use of a videlicet, is, to explain what is indifferent, doubtful or obscure, or to particularize what was general before ; but not to diminish precedent matter.
1. It would, however, be difficult to maintain the construction contended for on the part of Smith, according to any effect which, in judicial proceedings, has been hitherto given a videlicet ; for, previous to the videlicet, the declaration expressly avers that Dicken did not pay the sum of $1,835, (the entire price of the land,) or any part thereof ; and to give the allegations following the videlicet, the construction contended for, would certainly be allowing them to diminish the precedent matter, instead of confining the videlicet to its natural and proper use, as observed by Lord Hobart, in explaining that which is indefinite, doubtful or obscure, or particularising that which is general before.— See 3 Saund. Rep. 291, n. 1.
But, as respects the result in this case, it is unimportant what may be the construction given to the assignment of breaches. If the breach be construed to be laid in the failure to pay the whole price of the land, the judgment must be reversed ; because, in that case, the damages assessed by the jury must be presumed to have been given for the entire breach alleged, and part *211 of which, as we have already observed, could not have happened before the commencement of the action. But if, as is contended for on the part of Smith, the breach be construed barely to allege the failure of Dicken to pay the moiety of the price, which became payable before the action was commenced, the assessment of damages by the jury is palpably and outrageously excessive, and should have been set aside by the Court. It is true, no application appears to have been made in the court below, by Dicken, to have the assessment of damages set aside ; and it was contended in argument, that without such an application, this court ought not to exercise its supervising power over it.
In an action on a covenant for the payment of certain sum, the court have a right to assess the damages, without the intervention of a jury.
2. In cases where the assessment of damages falls within the peculiar and exclusive province of the jury, it is conceded, that without an application for a new trial in the court of original jurisdiction, this court would not disturb the verdict of the jury, on account of any supposed excessiveness of damages. But the present is not a case of that character. This is an action on a covenant for the payment of a certain sum, and the court, without the intervention of a jury, might have assessed the damages. The right of the court to do so, was, in argument, admitted to have been anciently maintained ; but a different practice was alleged to have prevailed for centuries past ; and it was insisted, that the right of the court now to assess the damages, ought not to be tolerated. A slight attention to the authorities on the subject, would, however, have convinced the counsel of the error into which he must have inadvertently slidden. The right of the court, in such a case, to assess the damages, was, no doubt, first asserted at an early period; but that right has been uniformly maintained ever since. It is, not unusual in practice, for courts to decline the exercise of the right, and call the aid of a jury to inform their conscience; but whenever the question has occurred, the right of the court to assess the damages has been maintained. The very able annotator to Saunders' Reports, in note 2, to the 2d volume, page 107, has collected the authorities, both ancient and modern, on the subject ; and from them it appears that the courts of England, not only prior to, and at the date of the revolution, maintained the right of courts, to *212 assess damages in actions on covenants for the payment of a certain sum, but since that date it is not unusual, in practice, for them to do so. To these authorities may also be added a decision of the supreme court of the United States, of like import.
In all cases where the court have a right to assess the damages, without the intervention of a jury, they ought to set aside a verdict of the jury finding damages outrageously excessive, whether the defendant moves for it or not.
3. If, then, we are correct in supposing the court might have assessed the damages in this case, without the intervention of the jury, it results, that for the unjust and excessive assessment of damages, the court should, ex officio, have set aside the finding of the jury ; for, without a finding by the jury, such an assessment by the court would have been intrinsically virtious; and the intervention of a jury, called barely to inform the conscience of the court, never can be admitted to cure and sanctify that which would have been erroneous, if done by the court.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and proceedings there had, not inconsistent with this opinion.