*91 Opinion of theCourt, by
Judge Miles.
THIS writ of error is soedout to reverse- a judgment obtained- by the Bank against the last endorser, in an action of debt, on a negotiable note discounted ,by the institution,,.
A demurrer to the declaration was filed-and- overruled. The.only question arising on the demurrer, is, that it is not stated; in the declaration that the note, ■when it came, to maturity, was legally protested by a notary public, ft is averred, that thé note was - duly and legally protested by RapbaebLapcaster, in the presence of Daniel Thompson 'and-. Joseph B. Lancaster, there being then no notary public at the time in the place. It is, therefore, urged-that no recovery on such protest, can be had against the endorser.
The proof corresponded-with this allegation, and'thq same question was made on a.motion to instruct theju, ry, and also by the. pleadings. '
The answer to the demurrer will; of course, dispose of the question in all its different forms,
(1) It is true, that aprotestis essential do a recovery on a foreign bill of exchange, the rank of which belongs to this note, and it is said-, to enter into the. suL stance of the bill, according to the custom of merchants.,
(2) No doubt, a notary public was first introduced to furnish convenient evidence of the facts contained-in the protest, to wit, of the presentment of the bill, a de-piand of its contents, and the failure of payment. These certified by the notary, were allowed to supersede the necessity of other proof, and it at last became to be the highest evidence of these facts known to the Igw, and *92 is, therefore, required, It is now unnecessary to -en-quire into the merits of this evidence, whether it is in fact and in nature more certain and infallible, than proof of another character; for the law merchant has already placed it on the highest ground.
(4) It is not necessary for the witnesses to a protest by ^ private per-: son, to subscribe their names. Where the protest is drawn up a few hours after the demand, the necessity of noting the bill at the 1110-jnent, is superseded.
f5] The court may assess damages and lessen or set aside a verdict in covenant, for enormous damages, wnore the instrument itself points out a certain criterion ;therefore, it naay be a court might, in such oase, increase the damages-.. Argu.
■ But although a protest is essential to a recovery on such bill, and a notary is the proper officer to certify it$ yet it does not follow, that if there is no notary, all recourse on the bill must be lost. It is more agreeable tuthe analogy of our law, that inferior evidence, in such case, should be allowed. This inferior evidence, the law has been careful to select, and not to trust to every kind. Hence some substantial person must protest the bill, in the presence of two credible witnesses, who can prove the fact, the person protesting being allowed to draw up and certify the fact, in usual form, Chitty on Bills, Ámer. Edi. 280; Swift 2£¡í. This piode seems to have been substantially pursued,
(3) It is objected, that the person who protested the bill, was a stockholder in tbe bank at the lime of the protest, though not at the time of his giving evidence.-Vfe perceive no solid reasons for this objection. The disinterested persons who were called upon to attest the transaction, are designed by the law to be the witnesses to prove the facts, and to them there is no objection, even if the objection against the perspn protesting is tenable.
(4) It is further objected, that at the moment the note was presented and not paid, it was not noted instantly,but in a few hours afterwards, the protest .was drawn up and notice sent to the. plaintiff m error, and some days afterwards, the two witnesses first called upon, attested ‘he protest. On these facts, no solid objection to the protest can be founded. . The protest was drawn up so soon as the ordinary course of business would permi', or a! least in sufficient time to supersede t' e necessity ofpotingthe bill at the moment; and as to tbe attestation of the witnesses, we have found no authority requiring them to attest the transaction by subscribing their names. The protest stales, that it was done in their presence, and their evidence corresponds with tbe fact as stated.
(5) The jury rendered their verdict for only one cent in damages, and the court rendere-d judgment for tbe current interest from the date of the note, and this is aS • *93 signed for error. There is no doubt that interest was recoverable on the demand by law, and the criterion or per centum is fixed and certain. It has been decided by this court, in the case of Dicken vs. Smith, 1 Litt. Rep. 209, that a court can, ex ojicio, assess damages and lessen or set aside a verdict in covenant for enormous damages, where the instrument itself pointed out a certain criterion; arjd it might be plausibly, if not sounfily urged, that on tbe same principle, a court might increase the damages, where, as in this case, a certain criterion is given.
[6] Endorse-“"ís on m-n0teS 0f tbe grade of fog^^raced by thestat-° uteconcern-ing interest; court may* ° in an astio’n ofdebt a-gjve judg1-meat for in-^ominnl'0’ damages had been assessed b7 a JWT-
pn-Tate persomThave no right to charge for • bill of ex- * change; therefore, in ^bilfofex^ change so protested, it to give judgment for the t°sstts oipro~
(g) Costs,
Hoggin and Huston, for plaintiff; Crittenden and Tfrickliffe, for defendants.
(6) But without giving any determinate opinion on this point, an act of Assembly on the subject of interest, 2 Dig. L. K. 075, has settled this question. Its expressions are: “AH debts founded on any specialty, bill or note in writing, ascertaining the demand, shall carry interest in the same manner as debts due on a bond or bill with a penalty, under seal.” It may be remarked, that the act does not confine itself to writings stipulating, totidem verbis, the payment of a debt; but includes debts founded on a bill or writing, ascertaining the demand, And although, in this instance, the undertaking of the defendant was conditional only, yet the action is founded on the writing, and by it the demand is ascertained. The same act. proceeds to direct the addition of interest, calculated by the clerk. There is, then, no error in the of the court below, allowing interest,
(7) ]But the court below gave judgment for the costs of protest, and this is assigned for error. As the action is at common law, and not under the statute, and the protest was made by a private individual, who had no right to charge fees for protesting, it was erroneous to add this in the judgment, and to that extent it must he corrected..
(8) The judgment must, therefore, be reversed, and the cause be remanded, with directions to enter judgment in conformity with this opinion; and each party must bear their own costs in this court.