## Stewart vs. Tevis' ex'or.

Error to the Madison Circuit; George Shannon, Judge.

*Damages. Verdict. Practice. Error.*

Covenant.

Case 15.

April 22.

Judge Owsley delivered the Opinion of the Court.

Stewart leased of Tevis a house and lot in the town of Richmond, for the term of three years, and covenanted to pay, annually, therefor, one hundred and fifty dollars. Suit was brought by Tevis upon the covenant, and breaches assigned in the non-payment of each year's rent. Stewart made default, and a writ of enquiry was awarded to assess damages. Five hundred and twenty-three dollars damages was assessed by the jury, and judgment rendered therefor against Stewart. To reverse that judgment, this writ of error is prosecuted.

The judgment cannot be sustained. The damages assessed by the jury, are unjust and excessive,

Where the jury assess

STEWART
vs.
TEVIS' EX'R.

and beyond what the court was bound, *ex officio,* to know the plaintiff in that court was entitled to recover.

damages not warranted by the allegations of the declaration, the court ought, *ex officio,* to set it aside, & if it be not done, this court will reverse the judgment and direct it.

Judgment ought not, therefore, to have been rendered for the amount of damages assessed, but the inquest of damages ought to have been, *ex officio,* set aside by the court, as was decided by this court, in the case of Tucker vs. Smith, 1 Littell, 209.

The judgment must, therefore, be reversed, with cost, and the cause remanded for further proceedings not inconsistent with this opinion.

*Capperton* and *Breck,* for plaintiffs; *Turner* for defendant.

---

TRESPASS.

Case 16.

April 22.

Declaration.

Evidence.

Instructions.

Verdict and judgment for defendant.