Judge Underwood,
delivered the opinion of the court.
Hawks instituted fin action of covenant •against Goff, upon a covenant, by which the -latter agreed, after acknowledging by way of recital, that he *342 had sold t9 the former,' eighty two and a half acres of land, in Green county, on the waters of Green river, for $>375, that he would “make to the said Hawks a special deed for said eighty two and a half acres of land, on the 24-th day of April, 1818.” For breach, the declaration alleges that Goff did not, on, before, or since the said 24th of April, 1818, make a special deed for said eighty two and a half acres of land to Hawks; “nor hath the said defendant paid to the plaintiff, the aforesaid sum of .$375, the price given for said land, with legal interest thereon, from the said 14th day of November, 16Í7, the day on which said covenant was executed, but the same to do hath failed, &c.” Goff having made default in the circuit court, the court assessed the damages against him, without the intervention of a jury, and gave judgment in favor of Hawks for $628 124 cents; to reverse which, Goff prosecutes a writ of error.
Whenever the covenant sued on, renders the sura, which the plaintiff is entitled to recover, certain, and the amount of damages cannot be influenced by extraneous foots, the eourt may assess the damages and give judgment without a jury, unless the case comes within the operation of the statute in 1 Digest, 248. Qikc re ? Is there any case in the action of covenant, wherein the court can render judgment without a jury, except casps’in which the defendant has stipulated to pa.ym.oney?
*342 The only question which we deem important to consider, is that which denies the right of the circuit court,, without the aid of a jury, to assess the damages. There are. many cases in which the court may lawfully ascertain and assess the damages which the plaintiff is entitled to, without the intervention of a jury. For the governing principles upon this subject, we referió Dicken vs. Smith,1 Litt. 211; Reed vs. Bank of Kentucky, I Monroe, 93; and McGuire vs. Trimble, &c. VII Monroe, 121. As resulting from these cases, it may be laid down as a rule, that wherever the covenant renders the sum, which the plaintiff is entitled to recover, certain, and the amount of damages cannot be influenced by extraneous facts, then the court may assess the damages, and give judgment without a jury, unless the case comes witiiin the operation of the statute in I Dig. 248. It may well be doubted, under this rule, whether there be any case in covenant, wherein the court can render judgment without the aid of a jury, except it be where the defendant has stipulated to pay money. In this case, the covenant or obligation declared on, is not for the payment of money; and, so much of the declaration as purports to assign a breach in the non-payment of the $375, which were given for the land, is redundant and a departure from the cause of action manifested' by the contract. The only *343 breach upon-which the plaintiff can recover, is that for non-conveyance.
When, the breach of a covenant to convey land has occurred viilh- ut fraud on the part of the covenant- or, the criterion of damages, is thopwchase money,. and interest thereon, or, in other words, it is the value of the land, at the time, of the sale, to be ascertained by the con-/ sideration fi«;ed or other evidence.
When a covenantor has been guilty offraud, he is responsible for th eincreased value of the land at the time his covenant should have been performed.
Now the amount of the damages which the plaintiff below might recover, aie not fixed upon the face of the covenant; but they may be materially changed by evidence aliund ■. Since the decision in the case of Cox’s heirs vs. Strode, II Bibb, 276, the criterion of damages upon a covenant to convey land, which has been, violated, but with jut fraud on the part of the covenantor, is the purchase money and interest thereon, or in the language of the case of Rudedge vs. Lawrence, I Marshall, 397, it is, the “value of the land at the time of the sale, to be ascertained by the consideration fixed or other evidence.” If, however, the covenantor has been guilty of fraud, a different rule may govern the case. Then, he would be(responsible for the increased value of the land, at the time his covenant should have beenperformed. Now, whether the one or the other of these rules should govern this case, would depend altogether upon extrinsic facts which might be proved, and upon which, it would be the peculiar province of the jury to decide. The court, therefore, erred, in undertaking to assess the damages without the aid of a jury. It may be urged, that as the declaration contains no averment charging fraud in Goff’s failure to convey, (as was the case in Davis vs. Lewis, IV Bibb, 457,) that the breach of covenant resulted from some innocent inability to perform, and, therefore, the court was warranted in assessing the damages by the pu rchase money and interest, without a jury. The violation of the covenant in failing to convey, constitutes the gist of the action, and whether the breach took place fraudulently or innocently, comes in, incidentally, to operate upon the measure of damages and extent of the injury. It is, therefore, a subordinate matter, which may be given in evidence, we conceive, without any special averment. It would seem to be somewhat incongruous, after assigning breaches in the action of covenant, (which may be done, in the genera], in language as broad as the covenant,) to go on and aver that the defendant acted fraudulently in violating his agreement. A general averment of fraud, without setting out the facts, might still leave room for taking the party by surprise. If the facts, upon which the charge of fraud was based, were set out with great particularity, it *344 would not do to try the cause upon an issue, formed on the question of fraud, for, whether the covenantor acts orno!, if he has not conveyed, the covenantee. is entitled to a verdict.
Under an avermeut of 'aTce onTcovenanttoconvey land, ir covenant^ or’s failuiv to convcy, is admimblc.
Monroe, for plaintiff.
Instead, therefore,of requiring a declaration in such a case, to set forth the circumstances of fraud,and thereby present the appearance of mingling the action upon contracb w<'h ali action of tort, we deem it sufficieut to assign breaches in the non-performance of the contract, and under them, to receive proof of the frauconduct of the covenantor, in violating his Contract, and thereby to charge him with the highest damages. There can be no danger of taking any defendant by surprise, as he should always come prepared to show that he had complied with his covenant, or that his failure was not the consequence of any fraudulent ■design.
We think the declaration substantially good; but for' the error of the court in assessing the damages without a jury, the judgment must be reversed with costs, and the cause remanded for a new trial, and for proceedings not inconsistent herewith.
Note. — Judge Buckner did not sit in this case.