DANIEL J. M. WALKER, Appellant, *v.* OREE WELCH et al., Appellees.

### APPEAL FROM JO DAVIESS.

Where it is stated in an affidavit for an attachment, that a party was removing and about to remove his property from the State, a plea in abatement averring that the defendant was not removing from the State, nor was he removing his property, does not answer the charge, that he was about to remove his property, and is therefore obnoxious to a demurrer.

The statement in a declaration, that a note was made on a particular day, is equivalent to an allegation that it bore date on that day.

A count for goods sold and delivered, which avers that a party promised to pay, on request, the declaration concluding with the general breach of non-payment, is good, without averring a special request.

THE opinion of the court, contains a sufficient statement of the facts of this case.

The cause was heard before SHELDON, Judge, at November term, 1851, of the Jo Daviess Circuit Court.

Walker brings the cause to this court, and assigns errors.

Walker, the appellant, stood by his demurrer to the declaration, and the court proceeded to render a judgment in favor of the plaintiffs below.

J. P. STEVENS, for appellant.

HIGGINS & STROTHER, for appellees.

TREAT, C. J. Welch and McCully sued out an attachment against Walker. The affidavit, on which the writ issued, stated, that " the said Walker was removing, and about to remove his property from the State of Illinois, to the injury of said Welch and McCully." The defendant pleaded in abatement, that " he was not removing from the State of Illinois; nor was he removing his property from said State of Illinois, to the injury of said plaintiffs." The court sustained a demurrer to the plea, and that decision is assigned for error. The plea was clearly defective. Its allegations might all be strictly true, and the plaintiffs still have good cause for suing out the attachment. The important charge in the affidavit was, that the defendant was about to remove his property beyond the limits of the State, to the injury of the plaintiffs. And that fact, coupled with an existing indebtedness, constituted a sufficient foundation for the attachment. This charge was not negatived by the plea. It denied that the defendant was removing from the State. He might be an actual resident of the State, and there still be good cause for attaching his estate. The plea alleged, in addition, that he was not removing his property from the State. That was no answer to the charge, that he was about to remove his property from the State. It might be true that he was not removing his effects, and the plaintiffs yet be entitled to the process of attachment. The plea was bad in substance, and obnoxious to the demurrer.

The court overruled a demurrer to the declaration, and that decision is also assigned for error. The first count alleged that the defendant, " on the 15th day of November, 1850, at Galena, in the county and State above mentioned, made his promissory note in writing, and delivered the same to the said plaintiffs, and thereby promised to pay to the order of the said plaintiffs, the sum of $450.31, in seven months after the date thereof, which period had now elapsed." It is objected to this count that it does not show when the note bore date, and consequently that it does not appear that the debt was due when the action was commenced. There is no force in the objection. The statement that the note was made on a particular day, is equivalent to an allegation that it bore date on that day. It is a reasonable

intendment that the note was dated on the day it was executed. The case of Giles *v.* Bourne, 6 Maule & Selw. 73, is precisely in point.

The second count averred, in substance, that the defendant was indebted to the plaintiffs in a certain sum for goods sold and delivered, in consideration whereof, he promised to pay them the same on request; and the declaration concluded with the general breach of non-payment. It is insisted, inasmuch as the promise was to pay on request, that a special request should have been alleged in the declaration. This position cannot be maintained. Mr. Chitty says: " Where the declaration is upon a contract to pay a precedent debt, as in the case of common counts for goods sold, work and labor, money lent, &c., no request need be stated or proved. And in these instances, although the promise has been laid to pay on request, the *licet sæpius requisitus* need not be laid or proved." 1 Chitty's Pl. 330.

The judgment is affirmed. *Judgment affirmed.*