## THE GERMANIA FIRE INSURANCE COMPANY
*v.*
### LORENZ LIEBERMAN.

1. VARIANCE—*allegations and proofs—date a matter of essential description.* In an action of assumpsit on a policy of insurance, the declaration described the policy as made Aug. 30th, 1869, but the instrument offered in evidence bore date, Aug. 3rd, 1869: *Held*, the variance as to the date was fatal to the admission of the policy in evidence. The action being upon a written contract, the date was a matter of essential description, requiring precise proof.

2. PLEADING AT LAW—*of the declaration on a policy of insurance—what must set forth.* Where the declaration on a policy of insurance failed to set out the terms and conditions of the policy : *Held*, the policy was inadmissible as evidence under it.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. DAVID GILLESPIE, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, on a policy of insurance, and the first question presented is, as to a variance between the policy described in the declaration and the one given in evidence, against the objection of the defendant.

The first and second counts of the declaration, described the policy as made on the 30th day of August, 1869. In these counts, the terms and conditions of the policy are set forth in full.

The third count avers the policy was dated on the 3d day of August, 1869, but it fails to set out the conditions.

The policy produced in evidence bears date, August 3d, 1869.

On the authority of the case of *Walker* v. *Welch et al.* 13 Ill. 674, where it was held that an averment that a note was made on a particular day, is equivalent to an allegation that it bore date on that day, referring to *Giles* v. *Browne*, 6 Maule & Selw. 73, as a case precisely in point, there was a clear variance.

It was held in *Spangler* v. *Pugh*, 21 Ill. 85, that a difference of half a cent between the note declared on and the one offered in evidence, was a fatal variance. The court say, matters of substance may be substantially proved, but matters of essential description, such as names, sums, magnitudes, dates, durations and terms, must be precisely proved. So in *Streeter* v. *Streeter*, 43 Ill. 155, it was held, that a variance between the description of a note in a special count, and the note in evidence, as to date, is fatal. This doctrine pervades the whole system of pleading applicable to written contracts. The date is a matter of essential description. In ordinary personal actions, time is not material; therefore, a time different from that alleged in the declaration, may be proved, for it is not matter of essential description of the cause of action.

The policy was inadmissible under the first and second counts.  It was not admissible under the third count, for the reason, that count did not contain the terms and conditions set out in the policy.

For these reasons the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE MCALLISTER, dissenting:  I can not concur in the opinion of the majority of the court, so far as the first count is concerned.  The words of that count, upon which the variance must be predicated, are :  " For that, whereas heretofore, to wit, on the 30th day of August, A. D. 1869, at the city of New York, to wit, at said county, the said defendants, upon application, &c., made a certain policy of insurance, &c."

The date alleged is merely formal, and not descriptive of the instrument.  In such case the rule is, "that if the date alleged be merely formal, and if it be prefaced by a *videlicet*, and therefore be not descriptive, it may be proved to have been made on another day, and the variance will not be fatal."  1 Stark. Ev. 487; Stephen on Pl. 293; 1 Chit. Pl. 257-8.

In *Coxon* v. *Lyon*, 2 Camp. 307, the declaration stated "that defendant, on the 3d day of February, 1810, according to the usage and custom of merchants, made his certain bill of exchange," &c.  The bill being produced, appeared to be dated the 6th Feb., 1810.  This was held no variance.

I do not consider the case of *Walker* v. *Welch*, 13 Ill. 674, as having any direct application.

Mr. JUSTICE SHELDON :  I concur in the dissenting opinion of Mr. JUSTICE MCALLISTER.