## The Forest City Insurance Company

### v.

### School Directors of District No 1, etc.

| 4 | 145 |
| 59 | 433 |

1. Insurance—Condition in policy.—A policy of insurance provided among other things, that the company would not be liable for any loss happening during the time any order or note given for the premium should remain due and unpaid. *Held,* that this provision was a part of the contract for insurance, was valid and lawful, and no recovery could be had for a loss occurring during such time.

2. Proofs of loss—Limitation.—Proofs of loss should be made within the time required in the policy unless the insurer in some manner waives the right. A letter written by the soliciting agent of the company, on being informed of the loss, to the effect that he would advise the company of the fact, and expected an adjuster would be sent to adjust the loss, cannot be considered as a waiver by the company of the right to demand proper proofs of loss, especially when there is no showing that such agent had authority to act for the company in respect to the loss.

Appeal from the Circuit Court of Williamson county; the Hon. M. C. Crawford, Judge, presiding. Opinion filed August 1, 1879.

Mr. Wm. W. Clemens, for appellant; that a policy of insurance is to be construed like any other contract, cited Aurora F. Ins. Co. v. Eddy, 49 Ill. 106; Hartford Ins. Co. v. Walsh, 54 Ill. 165.

Conditions precedent must be performed, and so alleged and proved: Chitty's Pl. 322; Schwartz v. Sanuders, 46 Ill. 18; Dehler v. Held, 50 Ill. 491; Angle, v. Hanna, 22 Ill. 429; Baird v. Evans, 20 Ill. 29; Eldridge v. Rowe, 2 Gilm. 91; Weaver v. Wilson, 48 Ill. 125; Moulding v. Prussing, 70 Ill. 151.

The proviso suspended the force of the policy, and is like a proviso against increase of hazard: Schmidt v. Peoria M. & F. Ins. Co. 41 Ill. 296; Ins. Co. North America v. McDowell, 50 Ill. 120.

The acts of the agent not being within the scope of his authority, do not bind the company: Winneshiek Ins. Co. v.

Holzgrafe, 53 Ill. 165; Cooly v. Willard, 34 Ill, 68; Marine Bank v. Ferry, 40 Ill. 255; Mathews v. Hamilton, 23 Ill. 470.

Messrs. HARTWELL & WARDER, for appellees; that there was a waiver by the agent of the conditions, cited Ill. F. Ins. Co. v. Stanton, 57 Ill. 354; Williamsburg City Ins. Co. v. Cary, 83 Ill. 453.

Notice of loss to the agent was sufficient: Ins. Co. of N. A. v. McDowell, 50 Ill. 120; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388.

An insurance company may waive imperfections in proof of loss: Peoria M. & F. Ins. Co. v. Lewis, 18 Ill. 553; Lycoming Fire Ins. Co. v. Dunmore, 75 Ill. 14; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Hartford Ins. Co. v. Walsh, 54 Ill. 164.

WALL, J. This was an action of assumpsit brought by the appellees against the appellant, upon a policy of insurance, to recover the value of a school house and contents, destroyed by fire. The policy was issued May 24th, 1878, for the expressed consideration of an order for $9.45, due June 1st, 1878, and by it the company undertook to insure against loss by fire and lightning during the term of five years, commencing at noon, May 17th, 1878, and terminating at noon on the 17th of May, 1883, "except such portion of the above mentioned time as this company shall hold against the assured or any other person, any past due and unpaid promissory note or order given as payment, in whole or in part of the premium charged for this pol icy, during which portion of time this policy shall be null and void, and so continue till said past due order or promissory note is paid; it being expressly agreed, that in case of default in the payment of said promissory note or order, or any part thereof at maturity, this company shall in no event be liable for any loss or damage to the property insured, happening while said note or order, or any part of the same remain in default and unpaid." The order given for the premium was not paid at maturity, of which fact the company notified the directors, and was by them advised to send it for collection to Morris, the township treasurer, which was done in June, 1878. The fire

Forest City Ins. Co. v. School Directors.

occurred in the night of Saturday, Oct. 12, 1878.    That night a public meeting was held in the school house; there was fire in the stove, and the room was lighted by candles or lanterns. School had been taught in the house during that week ending Friday.    Up to this time the order had not been paid.    Some eight or ten days previously, Morris, the Township treasurer, told Robinson, one of the directors, that he had not paid it; that he had not had the exact change to send to the company. On the Monday following, Morris sent the money to the company, and in February following the company returned it to Morris.

The policy by its express terms provided that it should be null and void, and that the company should not be liable for any loss happening during the time the order should be due and unpaid.    This is a part of the contract and must be enforced equally with its other provisions.    No reason is perceived why it is not a valid and lawful condition, and as the loss occurred while the order was unpaid and the insurance thereby suspended, there can be no recovery unless there is some legal objection to the interposition of the defense.    We see no such objection in the record.

Assuming that a subsequent receipt and acceptance of the money might estop the company to set up this condition, we think there is no proof that it was received by the company with the knowledge that the fire had already occurred, or that at any time with such knowledge the company accepted and intended to retain the same, and it is therefore unnecessary to discuss the question whether such action would revive the policy during the time it was so suspended.    It cannot change the rights of the parties that there was no money in the treasury.    Yet this does not appear to have been the reason why the order was not paid.    The financial condition of the district had not improved, yet just after the fire the money was immediately sent forward.

It is further objected that the proper proofs of loss were not made, and we are inclined to the view that this objection is also well taken.    The evidence shows that after the fire the directors visited the house of Hearn, the agent through whom the policy

was procured, and not finding him at home, left a note inform-
ing him of the loss and demanding payment.   He, in ignorance
that the order had not been paid, wrote them in reply that he
would notify the company, and that some one would come to
adjust the loss; that he expected the company would order him
to do this; if so, he would come as soon as he could hear from
it, expressing the opinion that there would be no trouble, and
advising them to get up all the facts as to the cause of the fire,
etc.   Had he known all that the directors knew as to the non-
payment of the premium, it is not probable he would have
written this letter.   He was not authorized to bind the com-
pany in the matter, being merely a solicitor for policies, and
before the company can be held to have waived any legal right
by reason of his acts, it must appear that he was aware of the
true situation.   The directors knew the company had not
received the premium, for on their way to see Hearn, who lived
some twenty-five miles off, they saw Morris, who told them
that he was then going to Marion to send it.

However, it is difficult to see how this letter, in view of the
subsequent silence of the company, could have misled the direc-
tors, or upon any correct reasoning should be deemed a waiver
of the conditions of the policy.   The policy requires the assured
forthwith to give notice of his loss to the secretary, and within
sixty days to deposit in the office of the company a particular
account of his loss, signed and sworn to, giving certain details,
together with a certificate of a magistrate or notary, or clerk
of a court of record, approving the claim.   The insurer may
undoubtedly waive all or any of these conditions, since they
are for his benefit, and very slight circumstances are often
deemed sufficient evidence of such waiver.   In this case, after
some correspondence, when the company found the demand
was being seriously pressed, the secretary wrote to the direc-
tors, saying that if they thought they had a claim, it would be
necessary to execute certain blanks which he enclosed, for
proofs of loss.   These the directors did not execute, though
invited to do so by the company after the sixty days had ex-
pired.   Had they done so, they would have been in no worse
position than before, and might, with some reason, have said

that the company had waived the objection that proofs were not made within the sixty days. But they declined to do this, and so far as we can see, the record does not disclose any facts that would estop the company to insist upon the defense.

The judgment is reversed and the cause remanded.

Reversed and remanded.