## ROCKFORD INSURANCE COMPANY
### v.
### ANDREW SEYFERTH.

*Fire Insurance—Application—Agent—Title—Proof of Loss—Failure to Make—Evidence—Instructions—Pleading.*

1. An agent of an insurance company who fills out an application with knowledge of the condition of the title to the property in question, in the absence of collusion, binds the company in accordance with the contents thereof.

2. The duty of a claimant under a fire insurance policy to make out and deliver a proof of loss, must be performed, unless waived by the company.

3. In an action to recover for loss under a policy of fire insurance, this court holds that the failure of the assured to make proof of loss, there having been no waiver by the defendant, requires a reversal of the judgment for the plaintiff.

### [Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Jackson County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. MARSHALL & TAGGART, for appellant.

The insurance policy sued upon is set out in full in the declaration as well as given in the evidence. This policy requires proof of loss to be made. There is no evidence in the record tending to show that any such proof was made, or in any manner to show its waiver. For this cause the judgment should be reversed, there not being sufficient evidence to sustain the verdict. The making of proofs of loss is a condition precedent. Blakely v. Phœnix Ins. Co., 20 Wis. 217; 2 Wood on Fire Ins. (2d Ed.), 927.

All the cases on waiver of proofs and waiver of defects therein are really to the same effect. The case at bar is one where the general issue alone, not only puts the plaintiff to the proof of his whole case, but also lets in many defenses. Western Assurance Co. v. Mason, 5 Ill. App. 141; Thomas v.

Fame Ins. Co., 108 Ill. 91; Lycoming Fire Insurance Co. v. Rubens, 79 Ill. 403.

In the second and last of these cases it appears that the general issue was the only plea; in the second, from the dissenting opinion, and in the last from the top of page 403. See, also, as to general doctrine, Warner v. Crane, 20 Ill. 148.

A warranty must be strictly and literally true, whether material to risk or not. Ripley v. Ætna Ins. Co., 30 N. Y. 157; Miller v. Mut. Ben. Ins. Co., 31 Iowa, 226, 227; Planters' Ins. Co. v. Myers, 55 Miss. 479.

Mr. GEORGE W. SMITH, for appellee.

Where insurance is procured to be taken by a person who is in fact acting as the agent of the company, declarations and explanations made by the assured to such agent, concerning the character of the ownership of the property, will be notice to the company. Union Ins. Co. v. Cripps, 93 Ill. 96.

Where a person, not versed in legal terms, when applied to by an agent of an insurance company to take a policy of insurance, states the facts relating to the title to the property issued, and the agent writes in the application that the title is fee simple, when it is not, such misstatement of title in the application will not preclude a recovery. Rockford Ins. Co. v. Nelson, 75 Ill. 548.

The nature and condition of the title of Seyferth was fully made known to appellant's agent, who took the application, and a recovery on the policy can not be defeated on the ground that the character of the title was not correctly stated. Phœnix Ins. Co. v. Tucker, 92 Ill. 64; Germania Fire Ins. Co. v. McKee, 94 Ill. 494; Andes Ins. Co. v. Fish, 71 Ill. 620; Union Ins. Co. v. Cripps, 93 Ill. 96; Mass. M. L. Ins. Co. v. Robinson, 98 Ill. 324.

GREEN, P. J. This suit was brought by appellee to recover the value of property insured by appellant, which was destroyed by fire. The jury found for appellee and returned a verdict assessing his damages at $1,000. The court entered judgment for appellee on the verdict, to reverse which appellant took this appeal.

We think the evidence justified the jury in finding plaintiff below had an insurable interest in the property insured, and that the loss was not over-estimated by them. The point made by appellant, that in the answer to questions contained in the written application, appellee untruthfully stated he was the owner in fee, and no other person was intere ted in the property insured or the real estate on which the same was situated, and hence there was a breach of warranty as to title which would avoid the policy, is not tenable under the evidence, which shows all the written parts of the application for insurance were filled in by the agent of appellant, who was at the time fully informed of the true character of appellee's title and interest in the property insured, and the real estate on which the same stood. The agent, with this information, chose to describe the title of appellee as "fee simple." Notice to the agent was notice to the company, and it is bound by his acts, no fraudulent collusion between the agent and insured appearing. Where the agent makes out an application for insurance with knowledge of the facts, the company will be bound. Rockford Ins. Co. v. Nelson, 65 Ill. 415; Eclectic Life Ins. Co. v. Fahrenkrug, 68 Ill. 463; Andes Ins. Co. v. Fish, 71 Ill. 623; Lycoming Ins. Co. v. Jackson, 83 Ill. 302; Union Ins. Co. v. Chipp, 93 Ill. 96.

The first instruction given on behalf of plaintiff is erroneous. It calls for a finding for plaintiff upon a state of fact not sufficient in and of itself to justify such finding. But the fatal error appearing, which necessitates the reversal of this judgment, is that no proof of loss is shown to have been made by the assured, as required by the terms of the policy, and no waiver of the performance of this condition by the company appears. The declaration avers the material fact that the proof of loss was so made by appellee, and the general issue pleaded to the declaration traverses this material averment. It is nowhere shown by the record that appellant refused to pay the loss for some other reason than the failure of appellant to make proof thereof, as required by the terms of the policy, and thereby waived the making of such proof, or that the defense was limited to some other ground;

but, under the general issue, appellant has the right to require all the material averments in the declaration to be proven before a verdict against it can be sustained, and a judgment thereon affirmed.

The duty to make out and deliver proof of loss must be performed unless waived. Winnesheik Ins. Co. v. Schueller, 60 Ill. 462. Even where proof of loss was not furnished the insurer in a reasonable time, such delay was held sufficient to bar the action. Scammon v. Germania Ins. Co., 101 Ill. 621. Appellant has also cited cases in his brief where courts of last resort in other States hold the rule in regard to proof of loss to be as in this opinion announced.

For the errors mentioned, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*