## Firemen's Insurance Company v. Ferdinand Kuessner.

1. INSURANCE—*Reinstatement of Policies.*—A policy provided that if the premium remained unpaid for sixty days after the date of its issue, the liability of the company should cease. The insured neglected to pay the premium, and after the time limited had expired the property was burned. Then the insured paid the premium to the broker who solicited the insurance. *Held*, that such payment did not reinstate the policy, as the broker had no authority to issue, reinstate or change policies issued by the company.

2. INTEREST—*Insurance Money.*—Where an insurance company, under its policy, is to pay a loss sixty days after proofs of loss are furnished, it will not be in default until the expiration of that time so as to be liable for interest.

Assumpsit, on a policy of insurance. Appeal from the Superior Court of Cook County; the Hon. NATHAИEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1895. Reversed on condition of a failure to enter a remittitur. Opinion filed July 5, 1895.

WM. J. AMMEN, attorney for appellant.

NELSON MONROE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A part of the cause of action alleged by the appellee is a loss on a policy for $300 issued to him by the appellant, and as to which the defenses alleged are:

1.   That the appellee had not paid the premium.

2.   That the loss occurred by a negligent use of gasoline by the appellee against the provisions of the policy.

First.   The policy did provide that if the premium should not be paid within sixty days after the policy was issued all liability of the company should thereupon cease without further notice.   The policy had been issued on an application to the appellant by the appellee through one Burbank, who was an insurance broker having a desk in the office of the appellant, but with no other connection with the appellant than that when, by soliciting parties to insure, he obtained customers, he made applications for the insurance to whatever company he pleased; and his desk room in the office of the appellant was gratuitous to induce him to favor the appellant.

The policy was issued October 6, 1891, and the fire was March 1, 1892, and the premium not paid, though Burbank had often asked for it, and the appellee had as often promised soon to pay it.   It is a fair inference from the testimony that Burbank had authority to collect premiums on policies issued upon applications brought in by him on which policies had been delivered to him.

On the morning after the fire the appellee paid the premium to Burbank.   Such payment did not reinstate the policy.   Burbank had no authority to issue policies, or to reinstate or change those issued by the company.   Critchell v. American Ins. Co., 53 Iowa 404.

The policy had ceased.   American Ins. Co. v. Leonard, 80 Ind. 272; Forest City Ins. Co. v. School Directors, 4 Ill. App. 145.

It is unnecessary to consider the other defense. One good defense is enough.

The other part of the cause of action alleged is based upon an application also made by Burbank for the appellee to the appellant on the 1st day of March, 1892, for insurance for $1,000. Whether this application was accepted, and a policy written upon it which was placed within the control of Burbank before the fire, was the subject of much evidence, which we do not deem it necessary to review, nor shall we go over the forty-nine instructions asked by the appellant, thirty-one of which were given.

One instruction for the appellee—to allow interest from May 1, 1892—was wrong. The appellant was to pay sixty days after proofs of loss were furnished. This was done April 29, 1892, so that interest did not begin until June 28th. The verdict was rendered December 8, 1894, for $1,462.50. As we see the case, the verdict should not have exceeded $1,072.22.

If the appellee remit down to that sum we will affirm so much of the judgment, reversing the residue only; otherwise the whole must be reversed; in either event at the cost of the appellee.