### Charles Carbone and Josephine Carbone, Appellees, v. Pennsylvania Fire Insurance Company, Appellant.

### Gen. No. 6,939.

1. INSURANCE—*amended declaration in action on fire policy as new cause of action.* Where the original declaration in an action on a fire insurance policy did not allege the date of the expiration of the policy, or that it was in force at the date of the fire, and a demurrer was sustained on that ground, an amended declaration filed after the expiration of the period fixed in the policy for the commencement of suit, which supplied the defect, stated a new cause of action and was barred by such limitation.

2. APPEAL AND ERROR—*waiver of duplicity by pleading to the merits.* Although a declaration in an action on a fire insurance policy was double because it alleged in the same count that the proof of loss was made and also that it was waived, defendant waived its rights upon appeal to question the ruling below, where after the overruling of the demurrer it pleaded to the merits.

3. PLEADING—*sufficiency of declaration on fire insurance policy.* A declaration in an action on a fire insurance policy which failed to allege that the policy was in full force and effect, and contained no language from which such inference could be drawn, was not a defective statement of a cause of action, but stated no cause of action at all.

4. APPEAL AND ERROR—*third repetition of conversation as harmless error.* Although a third repetition of a conversation with the agent of defendant fire insurance company, on the redirect examination, about plaintiff getting his money or that defendant would rebuild, was improper, such repetition was, under the circumstances, not harmful.

5. INSURANCE—*testimony as to investigation of fire by assistant state fire marshal.* In an action on a fire insurance policy, where it appeared that plaintiff had been arrested under a charge of burning the building in question and bound over, but never indicted,

Carbone et al. v. Pennsylvania Fire Ins. Co., 222 Ill. App. 560.

it was not error to refuse to permit the assistant state fire marshal to testify that he received no instruction from defendant or its agents or employees to investigate the fire, but that he got his orders from the state fire marshal, as it was the duty of the marshal to investigate every fire, and the question involved a side issue.

6. WITNESSES—*leading questions as to waiver of proof of loss under fire insurance policy.* In an action on a fire insurance policy, where waiver of the filing of proofs was claimed, a question asked on redirect, whether defendant's agent said there was nothing more for plaintiff to do except wait for the adjuster, was leading and was on a very material point, and neither the question nor the affirmative answer should have been permitted to go to the jury.

7. INSURANCE—*sufficiency of evidence of proof of loss under fire insurance policy.* In an action on a fire insurance policy, waiver of the filing of proof of loss was not shown where there was no evidence of express waiver, and the evidence failed to show a course of conduct on the part of defendant or its agent as might have been reasonably calculated to lead the assured to believe that defendant did not require such proof, and also did not show such a refusal to pay as excused proof, and there was a letter from plaintiffs' attorney asking for the address of the party to whom proof should be made and whether or not the company refused to pay.

Appeal from the County Court of La Salle county; the Hon. HARRY RECK, Judge, presiding. Heard in this court at the April term, 1921. Reversed with finding of fact. Opinion filed November 2, 1921.

R. C. OSBORN and E. M. GRIGGS, for appellant.

LLOYD PAINTER and STRAWN & STRAWN, for appellees.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellees, Charles Carbone and Josephine Carbone, his wife, recovered a judgment for $1,000 in the county court of La Salle county upon a fire insurance policy issued by appellant, the Pennsylvania Fire Insurance Company, and to review that judgment this appeal was prosecuted.

Appellees were the owners of a two-story frame

building in Toluca, La Salle county. On November 9, 1918, the building was insured for one year by appellant through E. A. Ball, its local agent. On January 4, 1919, the building was entirely destroyed by fire. On February 5, 1919, Charles Carbone was arrested charged with burning the building, and was bound over to await the action of the grand jury but was never indicted.

The original declaration was filed on December 6, 1919, and did not allege the date of the expiration of the policy or that it was in force on the date of the fire, and a demurrer was sustained to it on that ground. The declaration was amended on September 13, 1920, and appellant filed the general issue and special pleas of failure to make the proof of loss, vacancy of the property insured for more than 10 days without consent of the appellant, and two pleas of limitation under the policy which provided that suit should be commenced within 12 months next after the fire. Appellees again amended the declaration on September 20, 1920, by interlineations, and alleged that the appellees made the sworn proof of loss required by the policy, and that appellant waived the making of the proof of loss. To the declaration as thus amended, appellant filed a general and special demurrer on the ground of duplicity, which demurrer was overruled. Appellant then moved that appellees be required to elect whether they would rely on the making of the proof of loss or upon the waiver thereof, which motion was denied. Appellant then filed the same pleas which had been filed to the declaration of September 13, 1920. Issue was joined on all pleas except the fourth and fifth to which a demurrer was filed. These pleas were the pleas of the statute of limitation. The demurrer was sustained to these pleas, appellant elected to stand by them and the trial proceeded.

The first error urged is that the court improperly

overruled the demurrer to the second amended declaration of September 20, 1920, which appellant contended was double. The declaration was double because it alleged in the same count that the proof of loss was made and also that it was waived. Demurrer should have been sustained but by pleading to the merits appellant waived its rights upon appeal to question this ruling.

Error is assigned because the court sustained the demurrer to the fourth and fifth pleas. The policy provided that suit should be filed within one year after the fire, which occurred on January 4, 1919. The original declaration, to which demurrer was sustained, was filed December 6, 1919. This declaration was defective because it omitted one line of the policy and merely alleged that the appellant "does insure. Charles Carbone and wife from the 9th day of November, 1918, at noon, against loss by fire." There was nothing in this declaration to show how long the policy was in force or whether it was in force on the day of the fire. The amendment of September 13, 1920, alleged that appellant "does insure Charles Carbone and wife for the term of one year from the 9th day of November, 1918, at noon, to the 9th day of November, 1919, at noon, against loss by fire."

In *Carlin v. City of Chicago*, 262 Ill. 564, on page 572, the rules governing amended declarations are laid down as follows: "If the original declaration fails to state any cause of action whatever, and an amended declaration is filed, after the statute of limitations has run, which does state a cause of action, the filing of such an amended declaration will be regarded as the beginning of the suit for that cause of action and the statute will constitute a good defense. (Citing authorities.) If an amendment introduces a new cause of action not stated in the original declaration, the running of the statute of limitations is not arrested as to such new cause by the filing of the original decla-

ration, and the statute may be pleaded to the cause of action stated in the amended declaration.  *  *  * If the amended declaration restates the original cause of action in a different form, the filing of such an amendment relates back to the commencement of the suit and the statute of limitations is not a defense.''

The question is whether the declaration, as amended on September 13, 1920, merely restated the original cause of action or whether it stated a new cause of action. In *Germania Fire Ins. Co. v. Lieberman*, 58 Ill. 117, suit was brought on an insurance policy. The first and second count alleged the policy was made on August 30, 1869, and the terms and conditions were set up in full. The third count alleged that the policy was dated August 3, 1869, but did not set up the terms. The policy, when produced, was dated August 3, 1869. There was a question of variance between the policy described in the declaration and the one offered in evidence and, on page 119, the court said: ''The policy was inadmissible under the first and second counts. It was not admissible under the third count for the reason that the count did not contain the terms and conditions set out in the policy.''

In *Rockford Ins. Co. v. Nelson*, 65 Ill. 415, on page 418, it is said: ''The policy, with the conditions annexed, constitute an entire contract, and, in declaring upon the contract, it, or a sufficient portion of it to show the right to recovery, must be set out, either in terms or in substance. This is not like suing on a penal bond at common law, where the plaintiff might simply count on the bond and leave the defendant to set up the condition and plead performance. But in a case of this character, the money only being payable upon the assured performing certain acts, all such precedent acts should be set out, and their performance averred.  *  *  * Precedent conditions were not set out in the first count, and hence there was such a variance as should have excluded the policy as evi-

dence under the count, or the instruction to disregard it under that count, should have been given.''

In *Eylenfeldt v. Illinois Steel Co.*, 165 Ill. 185, one page of the policy was omitted. A demurrer was sustained and the declaration was then amended by inserting the missing page and, on page 189, it was said: ''Upon an inspection of the declaration first filed by the plaintiff it will be found, that the commencement of the declaration is in proper form in an action of trespass on the case, and no fault is found with the conclusion of the declaration, wherein damages are claimed; but when the body of the declaration is examined, where the cause of action should be set up, no cause of action whatever is averred in the declaration. The amended count does, however, set up a cause of action, but, inasmuch as the original declaration stated no cause of action, it seems to follow that the amended declaration stated a new cause of action —one which had never been stated before—and hence the statute of limitations was a good defense.''

In *Heffron v. Rochester German Ins. Co.*, 220 Ill. 514, the original declaration consisted of one count and was upon an account stated. Later an amended declaration containing two counts setting up the policy in full was filed, and the court held that such counts were for different causes of action and were subject to the plea of the statute of limitations.

In *Guschnor v. Keith*, 9 Ill. App. 416, it was alleged that on June 30, 1869, the policy was issued insuring the property to June 30, 1870, and that on June 4, 1871, a renewal certificate was issued, continuing the policy from, to wit, June 30, 1871, and that on October 9, 1871, while said policy was in full force, the property was destroyed by fire. It was held that the fact that a renewal was alleged under a *videlicet* did not serve to show that the fire occurred before the original policy with the extension had expired, and it was also held that the words, ''and while said policy issued was

in full force" were at best a mere conclusion of law and not sufficient to show that the policy was in force at the time of the fire.

In *Rose v. Mutual Life Ins. Co.*, 144 Ill. App. 434, a life insurance policy was dated May 23, 1904, and the premium was paid for one year. The policy provided that after one year, thirty days' grace would be allowed in payment of premium during which time the policy would remain in force. The insured died August 3, 1905. No second premium was paid. The declaration alleged that "the policy was issued on, towit: the 17th day of July, 1904." The principal question for the court to determine was whether, under the *videlicet* of the date under which the policy was issued and delivered, a positive averment was made that it was delivered on that particular day. After reviewing the authorities, the court held that the plaintiff used the *videlicet* because she did not intend to bind herself to prove that the policy was issued and delivered on July 17, 1904, but wished to avail herself of whatever the proof might show as to the date when it became a binding contract.

Appellees attempt to distinguish the above cases from the case at bar on the ground that the policy provided for cancellation; that the policy was complete as to time and so was the original declaration, and as there was no suggestion as to cancellation, therefore the policy was in force at the time of the fire; that the statement of that fact is a conclusion and would be superfluous; that from the amount of the premium, $18.27, it would be inferred that the insurance was for a longer period of time than from November 9, 1918 to January 4, 1919.

The argument of appellees does not answer the defects in the original declaration. There is no allegation that the policy was in full force and effect, nor can such inference be drawn from the language used. It was not a defective statement of a cause of action,

but it stated no cause of action at all. If the policy was not in force at the time of the fire there was no insurance. If there was no insurance there was no cause of action. Along with the other allegations of the original declaration one other element was necessary, namely, that the policy was in force at the time of the fire. No cause of action was set up until September 13, 1920, which was over one year from the date of the fire. The court was in error in sustaining the demurrer to the fourth and fifth pleas.

Complaint is made that the court improperly permitted appellee, when he was on the witness stand, to testify three times to a conversation with Mr. Ball, agent of appellant, with reference to appellee getting his money, or that the company would rebuild the place. The record shows that this evidence was given in direct examination, another time was on cross-examination and the third time was on redirect. The first two times were proper, and it may be that the third time was for the purpose of emphasizing it before the jury, which was improper, and should not have been permitted, but we do not think such repetition harmful.

Appellant also complains of the refusal of the trial court to permit the assistant state fire marshal to testify that he received no instructions from appellant or, from any employee, agent, or officer of appellant, to investigate this fire, but that he got his orders from the state fire marshal. No question as to where he got his orders was material. It was his duty, under the law, to investigate each and every fire which occurs in this State. The question involved was a side issue and the objection to the evidence was properly sustained.

The policy provided that within 60 days after the fire, unless such time was extended in writing, the insured should furnish a sworn proof of loss. It is not claimed that such provision of the policy was complied

with, but it is contended that the proof of loss was waived.

An agent of an insurance company may waive proof of loss without express words, by conduct inconsistent with an intention to enforce the strict compliance with conditions of the policy, which conduct is calculated to lead the assured to believe that the company did not intend to require such compliance. *Citizens' Ins. Co. v. Stoddard,* 197 Ill. 330; *Milwaukee Mechanics' Ins. Co. v. Schallman,* 188 Ill. 213; *Dwelling House Ins. Co. v. Dowdall,* 159 Ill. 179; *Eberhart v. Aetna Ins. Co.,* 217 Ill. App. 354. Or where an insurance company, before proofs of loss were made, refused to pay the loss then the proofs of loss are waived. *St. Onge v. Hartford Fire Ins. Co.,* 204 Ill. App. 127; *Grange Mill Co. v. Western Assurance Co.,* 118 Ill. 396.

Appellant insists that the evidence does not bring appellees within either of these rules. Appellee testified that on Monday morning, January 6, 1919, he went to Toluca from his home in Streator and saw Edward A. Ball, the agent of appellant. He again saw Mr. Ball on the next Monday, January 13, 1919, and that he saw no other representative of appellant at any time. He testified that Mr. Ball said: "Don't be afraid about it, you will get your insurance money." He said it was a total loss, but that the company would pay; that the adjuster would come some time the same week. Later appellee sought to find out if the adjuster had been there and Mr. Ball said that he was there on Friday; that Mr. Ball told appellee the adjuster was coming over to Streator to see appellee, but appellee did not see him; that Mr. Ball said, "I will do all I can for you"; that appellee would get his money from the company, or the company would build up the place. On redirect examination, appellee was asked whether Mr. Ball said there was nothing more for him to do, except to wait for the adjuster and appellee answered, over the objection of appellant, that

Mr. Ball said "Yes." This question was leading. It was on a very material point in the case and the court should not have permitted a leading question and should not have permitted the answer to go to the jury.

Andrew E. Tracy, an attorney, was employed by appellee in the criminal case and wrote a letter to appellant for appellee but received no reply. He testified that a man who was introduced to him by Mr. Ball as an adjuster for appellant told the witness that he thought appellant would not adjust the matter at all.

Edward A. Ball testified that he told appellee that he had notified the company and that probably the company would send an adjuster but that the settlement would have to be made through the company. Appellee wanted to know about the settlement and the witness told him that it was between him and the company, he had no authority to make a settlement. He told appellee the address of the company would be found on the policy. He testified that nothing was said regarding the furnishing of the proof of loss, and that he never stated the company would pay in full, and that he never made the statement to appellee that he had done all he could and that there was nothing to do except to wait for the adjuster.

On October 15, 1919, Lloyd Painter, an attorney representing the appellees, wrote a letter to Mr. Ball, in which he asked if appellant was licensed to do business in the State of Illinois and, if so, to whom he should make the proof of loss, and asked for the correct address of the party to whom the proof of loss should be made. He also said he would-like to know whether or not the company refused to pay the claim. This was all the evidence concerning a waiver.

In *Dwelling House Ins. Co. v. Dowdall,* 159 Ill. 179, on the day after the fire, the insured notified the company of the fire and requested that an adjuster be sent. The company answered that a special agent

would be sent to ascertain the extent of the damages but for no other purpose. The agent came, examined the premises, copied down what the insured had to say, offered $400 in compromise, which was rejected, and thereafter no word was received from the company. No proof of loss was made and, on page 185, the following instruction was given and it is stated in the opinion that it correctly lays down the law: "The jury are instructed that mere silence in regard to the furnishing of such proofs of loss is not to be taken as a waiver of the rights of the company to insist on a strict compliance of the terms of the contract. In order to amount to a waiver you must find, from the evidence, that there was either an express agreement between the parties to that effect, or else that there was such a course of conduct on the part of the defendant as was reasonably calculated to lead the assured to believe that the company did not require such proofs of loss." See also *American Central Ins. Co. v. Birds Building & Loan Ass'n,* 81 Ill. App. 258; *Forest City Ins. Co. v. School Directors of Dist. No. 1,* 4 Ill. App. 145; *Illinois Live Stock Ins. Co. v. Kirkpatrick,* 61 Ill. App. 75; *Rockford Ins. Co. v. Seyferth,* 29 Ill. App. 513.

The evidence in this case falls far short of this rule. There is no evidence whatever of an express waiver, nor does the evidence show there was such a course of conduct on the part of the appellant or its agent as might reasonably be calculated to lead the assured to believe that the appellant did not require such proof of loss. Nor does the evidence show such a refusal to pay by appellant as excused the proof of loss. On the contrary, the letter of October 15, 1919, written by the attorney for appellees, asked for the address of the party to whom proof of loss should be made and whether or not the company refused to pay the loss. If the company had refused to pay the loss and had waived the proof thereof, why was this letter written?

The judgment will be reversed with a finding of fact.

*Judgment reversed with finding of fact.*

Finding of fact.    We find that this action was barred by lapse of time before any declaration was filed which stated a cause of action even defectively; also that appellees did not comply with the provisions of the policy by filing proof of loss within the time specified by the policy and that the defendant did not show that proof of loss was waived by appellant.