May Term,
1828.

BLACKWELL
v.
THE BOARD OF
JUSTICES OF
LAWRENCE CO.

</div>

---

<div style="text-align: right">

2b   143
169   668

</div>

BLACKWELL *v.* The BOARD of JUSTICES of Lawrence County.

A statute authorised the re-location of a seat of justice in a county, and gave to the owners of lots in the old town, after the re-location, on their complying with certain conditions, a right to a conveyance by the county agent of certain lots in the new town in exchange for theirs in the old one. The county accepted the statute, and the seat of justice was removed. *Held*, that the owner of a lot in the old town, having performed the precedent conditions prescribed by the statute, and demanded of the county agent a conveyance for the proper lot in the new town, might, if the title were refused, maintain an action of assumpsit against the Board of Justices for a breach of their contract, implied from the county's acceptance of the statute.

*Held*, also, that if the important facts, showing the cause of action, were correctly set out, the declaration could not be objected to on general demurrer on account of its improper conclusion, that the plaintiff ought to recover the value of the lot in the new town.

*Held*, also, that the value of the lot in the old town, at a reasonable time before the passage of the statute for the re-location, was the real consideration that passed from the plaintiff for the lot in the new town; which consideration, with interest from the time the lot in the old town was relinquished to the county, was, in this case, the measure of damages.

The Board of Justices may be sued, in their corporate capacity, for any legal demand against the county.

A seat of justice may be removed by statute, on such terms as the legislature deems reasonable; and the county, having accepted and acted on the statute, is bound to comply with the terms imposed on it by the statute.

Whatever comes under a videlicet, if inconsistent with the precedent matter, may be rejected as surplusage.

On a covenant to convey real estate, as on a covenant of seisin, the measure of damages is, in the absence of fraud, the purchase-money and interest.

Quære, whether on the covenant of warranty, the value of the land at the time of eviction, or the purchase-money with interest, is the measure of damages.

ERROR to the *Lawrence* Circuit Court.—Assumpsit by *Blackwell* against *The Board of Justices of Lawrence county*. General demurrer to the declaration, and judgment for the defendant.

<div style="text-align: right">

*Thursday,*
*May 8.*

</div>

HOLMAN, J.—The first count in the declaration states, that by a certain act of the general assembly of the state of *Indiana*,

entitled an act appointing commissioners to re-locate the seat of justice of *Lawrence* county, approved the 9th of *February*, 1825, certain commissioners were appointed to meet on the second *Monday* in *March*, 1825, and re-locate said seat of justice; with authority to procure a tract of land, on which to lay off a town, &c.; that the act provided that the agent of the county should lay off a town on said tract of land, similar, as nearly as might be, to the town of *Palestine*, the former seat of justice, and with a corresponding number of lots; that any person, who had purchased and paid for any lot or lots in the town of *Palestine*, should have the privilege of exchanging the same for lots correspondingly situated and numbered in the new town, by filing and acknowledging, before the recorder of the county, an application for such exchange, which should be entered of record by said recorder, and have the effect of a release of all the right and title of the applicant to the lot or lots in *Palestine;* and that it should be the duty of the agent of the county, on being presented with the recorder's certificate of the relinquishment and application, to give the applicant a deed for the lot or lots in the new town, which should correspond in number with the lot or lots so relinquished; provided the application for the exchange should be made within twelve months after said re-location. And the plaintiff avers, that the commissioners so appointed, did meet on the second *Monday* in *March*, 1825, and did procure a tract of land, &c. and re-locate the seat of justice for said county thereon; that the agent of the county did lay off a town, &c., which is known by the name of *Bedford*, on a plan, similar as nearly as might be to the plan of *Palestine*, and with a corresponding number of lots; that the plaintiff, having purchased and paid for fractional lots numbered 35 and 36, and lot numbered 244, in the town of *Palestine*, for the sum of 500 dollars, and being thereof the lawful owner, did, within twelve months after the said re-location, to wit, on the 18th of *March*, 1826, apply for the exchange of said lots for others correspondingly situated in the town of *Bedford*, by filing and acknowledging an application for said exchange before the recorder of said county, which application was entered of record by said recorder, who certified that such relinquishment was made, and that the plaintiff claimed in lieu thereof lots correspondingly situated in *Bedford;* that the plaintiff, on the

9th of *June*, 1826, presented the said certificate to the agent of said county, and demanded of him a deed for said lots in *Bedford*; and that said agent refused and still does refuse to give any deed for those lots. The plaintiff in fact says, that the county of *Lawrence* has not, nor ever had, any title to the said lots in the town of *Bedford*; that the said agent could not, and cannot, make any deed for the same; and that, by reason of the premises, the county of *Lawrence* is indebted to him in the sum of 500 dollars, and being so indebted, then and there undertook and promised to pay him the same whenever thereto required.

The second count states, that whereas the county of *Lawrence* was indebted to the plaintiff in the further sum of 500 dollars, for so much money before that time had and received of the said plaintiff, by the said county at its request, for the use and benefit of the said plaintiff; and being so indebted promised to pay, &c.

A third count, in an amended declaration, states that the said defendants, in consideration of the premises aforesaid, then and there undertook and faithfully promised to pay the said plaintiff, so much money as the said lots in the said town of *Bedford* were reasonably worth, whenever they should be thereto required; and that the said lots in *Bedford* were worth 500 dollars. Breach, non-payment.

Demurrer and judgment for the defendants.

The two first counts it is said are bad, because they rest on a promise and undertaking by the county of *Lawrence;* when, it is contended, a county, *eo nomine*, has no power to contract, and cannot be charged in an action at law. There is much weight in this objection; but as it is not applicable to the third count, we deem its investigation unnecessary.

The third count charges that the defendants, the board of justices of *Lawrence* county, in consideration of the premises, promised to pay, &c. That the board of justices may be sued for any legal demand against the county, is settled by the act of assembly by which the board was organized. R. C. 1824, p. 86. It is necessary then to inquire, whether the plaintiff has made out such a demand, as can be enforced against the board of justices. That this is a case of assumpsit is no valid objection. If there were any room to doubt, whether, on general

May Term,
1828.

BLACKWELL
v.
THE BOARD OF
JUSTICES OF
LAWRENCE CO.

principles, the board of justices, as a corporation, are liable to an action of assumpsit, that doubt is entirely removed by the act of assembly organizing the board. That act provides, that in all cases where any person now has, or hereafter may have, any claim of any name or nature against any county, suit may be brought therefor, in any Court of law or equity, against such board of justices in their corporate capacity, and judgment and execution be had thereon as in other cases. The words here used, as to the claims that may be enforced against the board of justices, as the representatives of the county, are comprehensive, and include all such claims as can be sued for in actions of assumpsit only. No exception can, therefore, be taken to the form of the action.

But the plaintiff's claim is certainly peculiar. It arises under the conditions imposed by the legislature, in the act authorising the re-location of the seat of justice of *Lawrence* county. The removal of a seat of justice is a subject of legislative discretion; and the legislature, in the exercise of this discretion, may impose such terms on the county as are deemed equitable: and, when the act of assembly has been accepted and acted under, as in this case, by the constituted authorities of the county, all the conditions and provisions in the act are obligatory on the county. The county of *Lawrence*, by accepting this act of assembly, so far as it establishes the town of *Bedford* as its seat of justice, has, by its proper agents, agreed by implication to perform all the conditions consequent upon that event. Those conditions have, therefore, become as obligatory upon the county, as if they were the express stipulations of its constituted authorities. They form a valid contract on a valuable consideration.

Considering the proceedings under the act of assembly, as amounting to an implied contract by the board of justices, as the corporate organs of the county, with the plaintiff, that if he would, in a given time and specified manner, relinquish his lots in *Palestine*, they, through the agent of the county, would make him a deed for the lots similarly situated and numbered in *Bedford*,—there can be no doubt but that the plaintiff, if he has complied with the precedent conditions, is entitled to a deed for the lots in *Bedford;* and that a refusal on the part of the county agent to make him the deed, completes his right of

May Term,
1828.

BLACKWELL
v.
THE BOARD OF
JUSTICES OF
LAWRENCE CO.

action against the defendants. Performance of all these conditions is averred in the declaration. It may be proper however to remark, that one provision in the act of assembly requires, that the application for the exchange of lots should be within twelve months of the re-location of the seat of justice. The commissioners, it is said, met for the purpose of re-locating the seat of justice on the second *Monday* in *March*, 1825, and did re-locate, &c. The whole business would seem to have been transacted on that day. And the plaintiff avers that he applied for the exchange of lots, within twelve months of the re-location; to wit, on the 18th of *March*, 1826. The date of the application here given, is more than twelve months after the meeting of the commissioners for the re-location. It is inconsistent with the preceding averment, and being under a videlicet must be rejected. So that taking the averments in the declaration as admitted by the demurrer, and the plaintiff's right of action is complete.

But, although the plaintiff has a cause of action, yet he has mistaken the rule by which the amount of his claim is to be estimated. The conclusion of the third count is, that the defendants, in consideration of the premises, promised to pay the plaintiff so much money as the lots in the town of *Bedford* were worth; averring that they were worth 500 dollars. As the promise of the defendants arises by implication of law, they cannot be said to have promised any thing but that to which the plaintiff is entitled by law. Here arises a question of some general importance: What is the measure of the damages to which the plaintiff is entitled? The question has been frequently agitated, whether the vendor of real estate, who cannot make a title, or who makes a title that afterwards proves defective, is bound to remunerate the vendee with the value of the land, or with the purchase-money and interest.

Where a title is made that afterwards proves defective, a distinction has been sometimes drawn, between the measure of damages in covenants of warranty and in covenants of seisin. In *Massachusetts*, *Connecticut*, and *South Carolina*, the measure of damages in covenants of warranty, is the value of the land at the time of the eviction. *Gore* v. *Brazier*, 3 Mass. R. 543. —*Horsford* v. *Wright*, Kirby, 3.—*Liber* v. *Parsons*, 1 Bay, 19. *Guerard* v. *Rivers*, id. 265.—In *New-York*, *Virginia*, *Pennsylva-*

May Term,
1828.

BLACKWELL
v.
THE BOARD OF
JUSTICES OF
LAWRENCE CO.

*nia*, and *Kentucky*, the measure of damages in such cases, is the purchase-money and interest. *Staats* v. *Ten Eyck*, 3 Caines, 111.—*Pitcher* v. *Livingston*, 4 Johns. R. 1.—*Lowther* v. *The Commonwealth*, 1 H. & M. 201.—*Nelson* v. *Matthews*, 2 H. & M. 164.—*Bender* v. *Fromberger*, 4 Dall. 436.—*Harland* v. *Eastland*, Hard. 590.—*Cox* v. *Strode*, 2 Bibb, 273.—*Cosby* v. *West*, id. 568.—*Booker* v. *Bell*, 3 Bibb, 173. The same doctrine is supported by the cases of *Morris* v. *Phelps*, 5 Johns. R. 49.—*Caulkins* v. *Harris*, 9 Johns. R. 324.—*Bennet* v. *Jenkins*, 13 Johns. R. 50.—*Davis* v. *Hall*, 2 Bibb, 590. But in covenants of seisin the decisions have been uniform, that the purchase-money and interest is the measure of damages. This rule is either directly or indirectly recognized in all the foregoing cases. See, also, the cases of *Marston* v. *Hobbs*, 2 Mass. R. 433.—*Bickford* v. *Page*, id. 455. When there is a covenant to convey, and an inability to perform, unless the inability arises from fraud in the covenantor, the measure of damages is the same as in covenants of seisin. The reason that runs through all the cases of covenants of seisin, applies with full force to covenants to convey. See, also, the cases of *Rutledge* v. *Lawrence*, 1 Marsh. 396,—*Rankin* v. *Maxwell*, 2 Marsh. 488,—and the above cases of *Cox* v. *Strode*, and *Davis* v. *Hall*,—where this rule is expressly recognized. We therefore consider it to be well settled, that in a breach of contract to convey, the measure of damages is the consideration, or purchase-money, with interest.

Assuming the position, that the consideration given for these lots in *Bedford*, with interest thereon, is the measure of the plaintiff's damages, we find another question that is peculiar to this case, viz., What was this consideration? It was not, as the plaintiff's counsel supposes, the original purchase-money of the lots in *Palestine*. That money was not given for the lots in *Bedford*. Besides, the value of the lots in *Palestine* may have undergone a material change, between the time of the original purchase, and the time when the exchange was first contemplated. If the exchange had been made, as in ordinary cases, the consideration would have been, the value of the lots in *Palestine* at the time they were relinquished. But it does not seem equitable, in this case, to fix on that as the time at which their value should be estimated; inasmuch as the removal of the seat

of justice may have occasioned a depreciation in their value. Even the passage of the act of assembly on that subject, must have had some effect in lessening their value. So that we are of opinion, that the value of the plaintiff's lots in *Palestine*, at a reasonable time prior to the passage of the act of assembly for the re-location of the seat of justice, is the real consideration that passed from the plaintiff, which, with interest thereon from the time of the relinquishment, is the proper measure of damages in this case.

From this view of the subject, it is evident that the plaintiff has mistaken the measure of damages to which he is entitled. But this does not materially affect the declaration. The important facts that show what the plaintiff's demand really is, are correctly set forth. The balance of the declaration is the conclusion of the law on this statement of facts. *It is all mere formality*; and a mistake in this matter of form cannot be taken advantage of on general demurrer. The demurrer to the declaration should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with directions to permit the demurrer to be withdrawn, &c.

*Naylor* and *Dewey*, for the plaintiff.
*Nelson*, for the defendants.