## James Q. Brown

*v.*

## Thomas W. Berry.

1. PRACTICE—*of recalling a witness.* If a new point arises, or a material question has been omitted, the court may, in its discretion, permit the witness to be again called and examined, affording to the other party the opportunity of cross-examining the witness, and of calling rebutting testimony; and, of itself, is not good ground for reversal, unless it shall appear that the exercise of such a discretion may have worked injustice.

2. ALLEGATIONS AND PROOFS—*of the use of a videlicit.* In an action by the purchaser, against his vendor for the non-delivery of property, the use of the *videlicet* is to avoid a variance between the averments and the proof, and its effect is, to sustain the positive averments in the declaration which require strict proof.

3. So, where the first and second counts in the declaration aver the purchase of a farm, and thirty-five head of cattle, and forty hogs, and certain other specific property, named therein, and the third count avers the purchase of a certain other farm, and thirty-five head of cattle, and forty hogs, and a large quantity of other personal property then on said farm, to wit: etc., the use of the *videlicet* in this count, avoids a variance, and tends to sustain the positive averments in the declaration.

4. NEW TRIALS—*verdict contrary to the weight of evidence.* If the evidence is conflicting, or irreconcilable, it is the province of the jury to give it its proper weight, rejecting what they think is unworthy of belief.

WRIT OF ERROR to the Circuit Court of Piatt County; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of assumpsit, brought in the Macon County Circuit Court, and afterward taken, by change of venue, to the Circuit Court of Piatt County, to recover damages for breach of contract. On the 16th of August, 1864, Berry bought of Brown a certain farm and all the personal property then on the farm, except the household furniture and three horses, in which, were included thirty-five head of cattle, forty head of hogs, and certain other enumerated articles, for which Berry was to pay Brown $20,000—$8,000 cash in hand,

176        Brown *v.* Berry.        [Jan. T.,

Statement of the case.    Opinion of the Court.

$7,000 on or before the 20th of September, 1864, and $5,000 on the 16th of September, 1865, and Brown was to deliver to Berry, between the 15th and 20th of September, 1864, the said farm, and the said goods and chattels, not above excepted.

Berry alleges payment according to the terms of the contract, and a breach on the part of Brown for non-delivery of the said goods and chattels, not above excepted, for which he claims damages.

On the trial of the cause in the court below, a verdict was found for the plaintiff, and judgment rendered for $402.50 and costs of suit. A motion for a new trial was overruled, and leave given the defendant to file his bill of exceptions. The defendant brings the cause to this court on a writ of error, and assigns for error, among others, the recalling a witness, and the evidence admitted under the *videlicet*, and asks this court to reverse the judgment.

Messrs. Nelson & Roby and Mr. A. B. Bunn, for the plaintiff in error.

Mr. H. Crea and Mr. H. S. Greene, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

While the admission of evidence on the trial of a cause is, to a large extent, regulated by general rules, still, to some extent, it is within the discretion of the court trying the case. As a general rule, the court conforms to the practice of requiring the party calling a witness, to examine him on every point to which the witness can speak, before he leaves the stand; but, if a new point arises, or a material question has been omitted, the court may, in its discretion, permit the witness to be again called and examined, affording to the other party the opportunity of cross-examination, and the right to

call rebutting evidence. The general rule is one which has been adopted for convenience and the dispatch of business, and should not be lightly departed from; but as the object of all trials is the attainment of justice, this court will not reverse, unless it appears that the exercise of such a discretion may have worked injustice. We do not perceive that recalling the witness in this case could have produced such a result. This was but a reasonable exercise of discretion by the court. The exercise of such a discretion had been repeatedly held by this court not to be ground of reversal, unless injury has been occasioned. *Russell* v. *Martin*, 2 Scam., 492; *Bloom* v. *Goodner*, Breese, 63; *Welch* v. *The People*, 17 Ill., 339; *Hunt* v. *Weir*, 29 Ill., 83; *Wilburn* v. *Odell*, ib., 456.

It is insisted that there was a variance between the different counts and the evidence. After a careful examination of the record, we do not see that this objection is well taken. The third count avers, in general terms, the purchase of a farm and thirty-five head of cattle, and forty hogs, together with a large quantity of other property on the farm, which is described under a *videlicet.* The payment of the contract price is averred, and a breach by the non-delivery of the cattle and hogs. The evidence does not enumerate all the various articles specified under the *videlicet.* But the proof shows that the farm, the cattle, the hogs, and a quantity of other property, were purchased. This, we think, sustained the contract as averred in this count. The particular articles constituting the other property being laid under a *videlicet*, did not vary or change the substance of the previous positive averment, and was not material, and a failure to prove every item thus enumerated, did not vary from, but sustained the positive averment. The use of the *videlicet* is to avoid a variance and to avoid a positive averment which must be strictly proved. There being one count proved, it was sufficient to sustain the verdict, as the evidence applied to that as fully as to the other

counts.  We, therefore, deem it unnecessary to examine them.

It is also urged that the evidence does not support the verdict.  It is conflicting, and in such cases, it is for the jury to weigh, and to give to every part its due weight.  If irreconcilable, then they must give proper weight to such as they believe, and reject such portions as they think unworthy of belief.  This, they have better facilities of doing than other persons, as they see the witnesses and hear them testify.  If they had regarded the evidence for plaintiff in error alone, they would, no doubt, have found for him, but believing that on the part of defendant in error, they were warranted in finding for him.  In such a conflict, we could not reverse, because the weight of evidence may be slightly against the finding of the jury.  The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*