HENRY GUSCHNOR, use, etc.

v.

OSBORN R. KEITH.

1. CONTRACT—STATEMENT OF DATE UNDER A VIDELICIT.—A *videlicit* is used to particularize that which is general before, and to explain that which is indifferent, doubtful or obscure; but it must be neither contrary to the premises, nor increase nor diminish the precedent matter. A statement of a date under a *videlicit* which is inconsistent with a preceding averment, must be rejected.

2. POLICY OF INSURANCE—AVERMENT THAT IT IS IN FORCE.—The date of the loss as stated positively and without a *videlicit* being after the policy described in the declaration had expired, the declaration is not strengthened, upon demurrer, by an averment that at the time the loss occurred the policy was in full force.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed November 7, 1881.

Messrs. SCHUFELDT & WESTOVER, for plaintiff in error; cited Shufeldt v. Carver, 8 Bradwell, 545.

Mr. EDWIN F. BAYLEY, for defendant in error; as to statement under a *videlicit*, cited 1 Chitty's Pl. 317 ; Stephen's Pl. 294.

When two different meanings present themselves, that construction should be adopted which is most unfavorable to the pleader: 1 Chitty's Pl. 272 ; Woodworth v. Paine, Breese, 374; Halligan v. C. & R. I. R. R. Co. 15 Ill. 558; Henkel v. Heyman, 91 Ill. 96.

BAILEY, J. This suit was brought by Henry Guschnor, who claims to be a creditor of the Commercial Insurance Company of Chicago, against Osborn R. Keith, a stockholder in said company, to enforce the personal liability imposed by the sixteenth section of the act to incorporate and govern fire insurance companies doing business in the State of Illinois, approved March 11, 1869. A general demurrer to the declaration being sustained, judgment was rendered in favor of the defendant for

costs.   We think the declaration fails to show that the plaintiff is a creditor of the insurance company, and consequently, that the demurrer was properly sustained.

The claim set up is for a loss under a policy of insurance:. It is alleged that on the thirtieth day of June, 1869, said company, for a valuable consideration, issued and delivered to the; plaintiff a policy of insurance, dated that day, whereby it insured the plaintiff, in the sum of $900, against loss or damage by fire, upon certain property, from the thirtieth day of June,. 1869, at noon, to the thirtieth day of June, 1870, at noon; that: "on the fourth day of June, 1871, the said corporation, for a valuable consideration, issued and delivered to said plaintiff a. renewal certificate, dated that day, wherein the said corpora-- tion agreed to continue said policy of insurance in force for one year from the date of the expiration of said original policy, to wit: from the thirtieth day of June, 1871, at noon; that afterwards, on the ninth day of October, 1871, and while said policy of insurance was in full force, the said property described therein was totally destroyed by fire, etc."

According to these averments, the original policy having expired June 30, 1870, and the renewal being for one year from that date, it follows that the loss, which happened October 9, 1871, was after the expiration of the renewal, and while the policy was no longer in force.

The only question is, as to how far the averment that the renewal was for one year from the expiration of the original policy, is to be regarded as qualified or controlled by the subsequent statement of a date, under a *videlicit*.   The rule in relation to the use of the *videlicit*, as laid down by Lord Hobart in Stukeley v. Butler, Hob. 168, and followed by all the later authorities, is, that it is to particularize that which is general before, and to explain that which is indifferent, doubtful or obscure; but it must neither be contrary to the premises, nor increase nor diminish the precedent matter.   See Dakin's case, 3 Wms. Saund. note and authorities there cited; 1 Chitty's Plead. 317, note.   In Blackwell v. The Board of Justices, 2 Blackf. 143, it is held that a statement of a date under a *videlicit*, which is inconsistent with a preceding averment, must be

rejected. See also, Vail v. Lewis, 4 Johns. 450; Dicken v. Smith, 1 Littell, 209. It follows then, that in this case, the statement, under a *videlicit* of the 30th day of June, 1871, as the day upon which the term covered by the renewal certificate, began to run, must be disregarded.

Nor is the case made by the declaration strengthened or modified in the least by the averment, that at the date of the loss the policy of insurance was in full force. Such averment is, at best, a mere conclusion of law, and is not only unsupported by, but is inconsistent with the facts as they are alleged. The date of the loss, as stated positively and without a *videlicit*, is October 9, 1871, while the policy described in the declaration expired by its own terms on the 30th day of the previous June. The demurrer having been properly sustained, the judgment of the court below will be affirmed.

Judgment affirmed.