(No. 34638.—

Ida Collins, Appellant, *vs.* Richard Collins *et al.*, Appellees.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

SCHAEFER, J., and DAVIS, C.J., dissenting.

LOUIS Z. GRANT, and EHRLICH and COHN, both of Chicago, (AARON H. COHN, of counsel,) for appellant.

KELLY, KELLY and KELLY, of Chicago, (JOHN J. KELLY, SR., JOHN J. KELLY, JR., GEORGE G. KELLY, and FRANK M. KELLY, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This cause comes here upon leave granted to plaintiff, Ida Collins, to appeal from a judgment of the Appellate Court, First District, reversing and remanding the cause to the circuit court of Cook County, directing that court to sustain a motion by defendants to dismiss plaintiff's petition. The circuit court of Cook County had denied the motion to dismiss and had entered a decree vacating a previous decree of divorce.

The plaintiff, then Ida Roberts, married William S. Collins at Chicago on December 23, 1953. They lived together as husband and wife until April 20, 1955. On June 25, 1955, the plaintiff filed a complaint for divorce in the circuit court of Cook County, charging her husband with "habitual drunkenness for the space of two years and upwards" subsequent to their marriage. The defendant was served with summons, failed to appear, and was defaulted. On July 26, 1955, the chancellor found the defendant guilty of drunkenness for a period of two years and upwards subsequent to the marriage and prior to the filing of the complaint. The decree also found that the parties had settled their property rights by mutual agreement and awarded to the plaintiff as her sole property a certain retail business, including stock and fixtures, theretofore conducted by her, and also awarded her the household furniture. The marriage was dissolved and the plaintiff was given the right to resume her maiden name.

On August 30, 1956, plaintiff, Ida Collins, filed a petition under section 72 of the Civil Practice Act to vacate the decree of divorce entered July 26, 1955, and to dismiss the cause. On the same day the death of William S. Collins was suggested, and the present defendants, the heirs-at-law of William S. Collins were substituted as parties defendant. The petition alleged the facts relating to the entry of the decree of divorce; that on August 6, 1955,

plaintiff in good faith married Ewald A. Haglund; that Haglund filed a complaint in the superior court of Cook County to annul his marriage to plaintiff on the ground that the marriage was void for the reasons set forth in the decree of June 15, 1956, annulling said marriage. That decree found that it affirmatively appeared from the complaint for divorce that two years could not have elapsed between the date of the marriage of Ida Collins and William S. Collins and the date of the filing of the complaint, hence the decree of divorce for habitual drunkenness was void because the circuit court did not have jurisdiction of the subject matter. The decree then declared the marriage between Haglund and Ida Collins void. Plaintiff in the present cause prayed that the decree for divorce entered July 26, 1955, be vacated for the reason that William S. Collins could not have been an habitual drunkard for two years subsequent to the marriage and prior to the decree, and that the complaint for divorce be dismissed.

The defendants, brothers of the deceased William S. Collins, filed a motion to strike the petition of Ida Collins. The motion to strike was denied upon hearing, and the defendants electing to abide by the motion, the court found the equities with the plaintiff, found the divorce decree of July 26, 1955, to be void and of no effect, and set aside and vacated said decree.

Upon appeal, taken by defendants to the Appellate Court, that court reversed the decree of the circuit court and remanded the cause with directions to sustain defendants' motion to strike.

The primary reasons set forth by the Appellate Court for its reversal of the Cook County circuit court are: (1) that the circuit court of Cook County had jurisdiction of the class of cases to which the divorce case belonged, and therefore its decision, although it might have been erroneous in counting the time during which the defendant was guilty of habitual drunkenness, could not be set aside

by the petition filed under section 72; and (2) the appellant having obtained all the relief she sought, including the undisturbed possession of the business and household furniture, was not in a position to seek to have said divorce set aside and vacated by the proceedings here.

The petition here in question is brought under the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 72,) to set aside and vacate the divorce decree in question. The date of entry of said decree in the circuit court of Cook County was July 26, 1955, and said petition was filed in said divorce proceedings in August, 1956. Section 72 of the Civil Practice Act, as amended in 1955, (Ill. Rev. Stat. 1957, chap. 110, par. 72,) provides, and provided at the time of this application that relief might be had from final orders, judgments and decrees, after 30 days from the entry thereof, upon petition. The petition must be filed not later than two years after the entry of the order, judgment or decree. Section 72 provides that writs of error *coram nobis* and *coram vobis,* writs of *audita querela,* bills of review and bills in the nature of bills of review are abolished, and that all relief previously obtainable and the grounds for relief previously available, either at law or in equity whether by any of the foregoing remedies or otherwise, continues to be available in every case, by proceedings under this section, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered.

This decree is attacked for the reason that the circuit court of Cook County had no power or authority to enter it in this cause, as it appears from the record that the pleadings fail to present a cause in which the court is empowered to enter a decree of divorce.

Section 1 of the Divorce Act (Ill. Rev. Stat. 1955, chap. 40, par. 1,) delineates the cases of divorce allowed by this act. That section provides that it shall be lawful

for the injured party to obtain a divorce and dissolution of the marriage contract where the other party has, among other things, "been guilty of habitual drunkenness for the space of two years." The complaint upon which this decree is entered did allege in paragraph 6 thereof that "defendant has been guilty of habitual drunkenness for the space of two years and upwards subsequent to the intermarriage of the plaintiff and defendant." The complaint further alleged that the parties were married on December 23, 1953. It was filed and summons served on June 25, 1955, and the decree entered July 26, 1955, less than two years from the date of the said marriage. The complaint and decree thus show affirmatively on their face that the habitual drunkenness alleged could not possibly have existed for the space of two years subsequent to the marriage and prior to the date of filing the complaint for divorce and the granting of a decree therefor.

Bills of review were formerly available for the purpose of obtaining relief from decrees for error apparent upon the face of the record. That remedy was not available as a substitute for an appeal or a writ of error, but it was available only for an error of law apparent on the record. It could not be availed of where the decree was merely the result of mistaken judgment, but was applicable where the decree was contrary to a rule of law or statutory provision. (*Wood* v. *First National Bank of Woodlawn,* 383 Ill. 515; *Regner* v. *Hoover,* 318 Ill. 169; *Evans* v. *Clement,* 14 Ill. 208.) The error of law must be apparent from an examination of the record, as the court cannot look into the evidence in the case (*Evans* v. *Clement,* 14 Ill. 208,) and in a chancery case that record is confined to the pleadings, process and decree. (*Cullen* v. *Stevens,* 389 Ill. 35.)

The pleadings and decree in this case show that the period of habitual drunkenness could not possibly have existed for the statutory period requisite to the entry of a decree of divorce. No other grounds of divorce being

alleged, or found by the decree, the decree is in error for reasons apparent upon the face of the record and is in direct violation of the statutory provisions. This attack is therefore properly brought under section 72 and the decree is reversed for error apparent upon the face of the record.

The appellee further contends, however, that the appellant having obtained all the relief she sought in the divorce case, including the undisturbed possession of the business and household furniture, plaintiff is in no position to prosecute, apparently being of the opinion that the plaintiff is estopped to question the divorce decree.

In this case the defendants filed a motion to strike this cause in the court below. The defendants claimed that the plaintiff was estopped because she had acquiesced and participated in causing the error in the judgment of the divorce court by her own testimony in support of the allegations of her complaint for divorce. The only possible pleading for estoppel thus appears in the motion to strike. An allegation for estoppel must be pleaded to be available and is considered to be waived when not alleged. (*Rodenkirk* v. *State Farm Mutual Automobile Ins. Co.* 325 Ill. App. 421.) Thus the only estoppel allegation to be considered is that raised by the motion.

It is a settled principle of law that where parties are *in pari delicto,* the court will refuse to extend them aid, but it is equally true that where the State is an interested party, the contributing guilt of the parties to the suit will not bar the granting of relief. The State is often called a "third party" to every suit for divorce or nullity of marriage. It is interested in the protection of the marriage relation, and the welfare of society. Plaintiff is not barred from bringing this action to vacate because she was a party to the divorce action and knew the pleadings failed to set forth sufficient allegations and testified in support thereof. *Jardine* v. *Jardine,* 291 Ill. App. 152.

The defendants in their briefs in this court raise, for the first time in this cause, the contention that plaintiff is barred or estopped from vacating this decree of divorce because she obtained the benefits of the decree by accepting the property settlement and entering into another marriage. This issue was not presented to the lower court for consideration, and is obviously waived. Morever, nothing in this record indicates otherwise than that the parties to the divorce decree, if all were alive, could or would be restored to the exact status that existed before the divorce, both personally and as respects their property interests. An estoppel operates only as to parties to the transaction or subject matter which is the basis of the estoppel, and as to those in privity. (*Dill* v. *Widman*, 413 Ill. 448.) Thus defendants stand only in the place of the deceased William S. Collins, and their rights and duties are the same as his would be.

In their contention to the contrary in regard to estoppel by accepting benefits of the decree the defendants cite the cases of *Gridley* v. *Wood*, 305 Ill. 376, and *Scott* v. *Scott*, 304 Ill. 267. Neither of these cases were divorce cases in which the State was interested as it is in the present case. In *Gridley* v. *Wood* there was an attempt to accept the benefits of a decree and to file a proceeding to reverse that part of the decree which was not beneficial. The court there, of course, held that such action cannot be countenanced. *Scott* v. *Scott* was a suit in which a party accepted the proceeds of a partition sale, and by that acceptance released other claims arising in the case. Neither of said cases are analogous to the present case.

The judgment of the Appellate Court is accordingly reversed, and the decree of the circuit court of Cook County is affirmed.

*Appellate Court reversed; circuit court affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

A brief statement of the course of the case in this court is essential to an understanding of what the opinion of the court holds and what it does not hold. An opinion was adopted at the March, 1958, term. That opinion held that the circuit court was without jurisdiction to enter the decree of divorce and that the decree was therefore absolutely void. Chief Justice Davis dissented from that opinion and I concurred in his dissent. Pursuant to leave granted *amici curiae* presented suggestions in support of the petition for rehearing. Those suggestions were directed primarily at the adverse effect of the court's opinion upon the stability of real-estate titles. They pointed out, as did the dissenting opinion, the many cases in which judgments and decrees entered in statutory proceedings have been protected from collateral attack. See, *e.g., Cobe* v. *Guyer,* 237 Ill. 516.

The petition for rehearing was denied, but at the same time the opinion was modified so that the holding that the divorce decree was void for want of jurisdiction was eliminated. This basic modification eliminated the point to which the original dissent was directed. The present opinion stands upon the narrow ground that there was error on the face of the record in the divorce case that could be reached by a petition in the nature of a bill of review under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1957, chap. 110, par. 72.) Such a motion must be presented within two years, and the present opinion therefore materially reduces the possibility that children will be illegitimatized and real-estate titles upset. But I am still of the opinion that the judgment of the Appellate Court was correct.

I do not agree that the record in the divorce case shows on its face that the decree was erroneous. The complaint for divorce alleged and the decree found "That defendant has been guilty of habitual drunkenness for a period of two years and upwards subsequent to the intermarriage of the

plaintiff and defendant and prior to the filing of her Complaint for Divorce herein." The complaint also alleged "That on, to-wit: December 23, 1953, at Chicago, Illinois, this plaintiff was lawfully joined in marriage to William S. Collins." The decree found "That the plaintiff and defendant were lawfully joined in marriage on, to-wit: December 23, 1953." Neither the complaint nor the decree states the date of the marriage with precision. In each instance the date of the marriage is stated under a *videlicit,* the very purpose of which is to avoid a positive statement. (*Brown v. Berry,* 47 Ill. 175, 177.) To invalidate the decree the court disregards the positive averment, and relies on the equivocal one that contradicts it. I think that the equivocal one should be disregarded.

The point is illustrated in *Guschnor* v. *Keith,* 9 Ill. App. 416. There the plaintiff sued to recover a loss on a fire insurance policy. The original policy was issued June 30, 1869, for a period of one year. The complaint alleged that thereafter the insurance company "agreed to continue said policy of insurance in force for one year from the date of the expiration of said original policy, to wit: from the thirtieth day of June, 1871, at noon; * * *." The loss occurred on October 9, 1871. The court said: "The only question is, as to how far the averment that the renewal was for one year from the expiration of the original policy, is to be regarded as qualified or controlled by the subsequent statement of a date, under a *videlicit.* The rule in relation to the use of the *videlicit,* as laid down by Lord Hobart in *Stukeley* v. *Butler,* Hob. 168, and followed by all the later authorities, is, that it is to particularize that which is general before, and to explain that which is indifferent, doubtful or obscure; but it must neither be contrary to the premises, nor increase nor diminish the precedent matter. See *Dakin's case,* 3 [2] Wms. Saund. note and authorities there cited; 1 Chitty's Plead. 317, note. In *Blackwell* v. *The Board of Justices,* [Ind.] 2 Blackf. 143, it is held that

a statement of a date under a *videlicit,* which is inconsistent with a preceding averment, must be rejected. See also, *Vail* v. *Lewis,* [N.Y.] 4 Johns. 450; *Dicken* v. *Smith,* [Ky.] 1 Littell, 209. It follows then, that in this case, the statement, under a *videlicit* of the 30th day of June, 1871, as the day upon which the term covered by the renewal certificate, began to run, must be disregarded."

Even if the legal effect of the form of allegation that the plaintiff chose to use is disregarded, the most that can be said from an examination of the record is that there are contradictory statements as to how long the parties had been married. I see no reason for resolving that contradiction against the validity of the decree. The normal presumptions dictate a contrary result. Nor is the plaintiff's case helped by considering her attack upon the decree as a motion in the nature of a writ of error *coram nobis,* which would permit consideration of the matters extrinsic to the record. She fails to satisfy the basic condition for relief by way of *coram nobis.* "It is essential to the availability of *coram nobis* or *coram vobis* that the mistake of fact relied upon for relief was unknown to the applicant at the time of the trial, and could not by the exercise of reasonable diligence have been discovered by him in time to have been presented to the court. * * *." 30A Am. Jur., Judgments, par. 743.

Moreover, it seems clear to me that the plaintiff is barred on two grounds from attacking the divorce decree.

The first ground concerns the plaintiff's conduct after the divorce decree. Her petition under section 72 makes it clear that she accepted the benefits of the decree. She did so by accepting the property settlement that accompanied it, and by remarrying. The opinion rejects this ground because it was not explicitly pleaded by the defendants. No such contention was made by the plaintiff in this court or in the Appellate Court. Not only is the position of the majority highly technical; it is legally unsound. Many

decisions of this court have pointed out that the ordinary rules of pleading do not apply to cases involving marital relations, because of the potential interests of minor children and because of the effect of such cases upon the public morals. (*Ollman* v. *Ollman,* 396 Ill. 176, 181; *Johnson* v. *Johnson,* 381 Ill. 362; *People ex rel. Healy* v. *Case,* 241 Ill. 279.) Those decisions are applicable here.

Since this court has now receded from the position that the circuit court lacked jurisdiction to enter the decree of divorce, it follows that the superior court's decree which set aside the plaintiff's subsequent marriage to Haglund was erroneous. The record does not show whether she acquiesced in that proceeding or resisted it; in any event she did not appeal. The plaintiff's petition to set aside her decree of divorce showed on its face that her first husband, William S. Collins, was already dead when the petition was filed. No question of her status as a wife was involved. All that she sought was an interest in his property. Upon that ground alone many courts have refused to permit an attack upon a divorce decree by the party who procured it. 17 Am. Jur., Divorce and Separation, par. 530.

The second ground of estoppel concerns the plaintiff's conduct in procuring the divorce decree. That decree is based upon her complaint, in which she alleged that her husband had been an habitual drunkard for more than two years, and upon her testimony to the same effect. "It is the rule in this State that where one successfully invokes the jurisdiction of a court he cannot question such jurisdiction in a subsequent proceeding. *Yockey* v. *Marion,* 269 Ill. 342; *Sullivan* v. *People,* 224 id. 468; *Fahnestock* v. *Gilham,* 77 id. 637; *Bates* v. *Williams,* 43 id. 494." (*Hopkins* v. *Gifford,* 309 Ill. 363, 370.) It is also the rule that one who invites or induces error cannot thereafter complain of it. (*Henry* v. *Metz,* 382 Ill. 297, 306; *Kellner* v. *Schmidt,* 328 Ill. 426; *Clemson* v. *State Bank of Illinois,* 1 Scam. 45.) I am unable to determine from the opinion

of the court why it is that these established principles are not applied in this case.

Certainly the interest of the State in matrimonial affairs can not support the result that the court reaches. The State is not an indiscriminate partisan, available to be enlisted on one side or the other according to the result desired. Its voice is the voice of the public conscience, and in this case it cannot speak on behalf of the plaintiff.

Mr. CHIEF JUSTICE DAVIS concurs in this dissenting opinion.