2024 IL App (1st) 230366-U

No. 1-23-0366

Order filed December 27, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| AAA GROUP CONTRACTORS, INC.,<br>an Illinois Corporation, BASEL ALSHWAIT<br>an Individual, and ABEDMAWAF ALSHWAIT<br>an Individual, | ) ) ) ) ) | Appeal from the Circuit Court<br>of Cook County. |
| Plaintiff-Appellees, | ) ) | No. 2021L010541 |
| v. | ) ) | |
| AHMED ALKILANI, an individual, | ) ) | Honorable<br>John J. Curry, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We reverse the circuit court's denial of the defendant's Petition to Vacate Default
Judgment where the record indicates (1) the notice of motion for default was not in
compliance with Illinois Supreme Court Rule 12 and should have been struck per
local rules; and (2) the default judgment order failed to delineate that a prove up
hearing occurred prior to entry of judgment.

¶ 2    On April 12, 2022, the circuit court entered a default judgment against Appellant-Defendant Ahmed Alkilani. Counsel for Alkilani first appeared on May 25, 2022, and was to investigate a possible conflict. On July 6, 2022, the court granted Alkilani's motion to substitute counsel and on August 19, 2022, Sweis Law Firm, P.C. filed its appearance on his behalf. Alkilani filed a 2-1401 Petition for Relief from Judgment on September 28, 2022, and on January 25, 2023, the circuit court denied the petition stating that Alkilani was not diligent in opposing the entry of default judgment even though he knew of the case since December of 2021.  On appeal, Alkilani argues default judgment was improper as the motion for default was not properly noticed to him and the circuit court did not schedule a prove up hearing. For the following reasons, we reverse.

¶ 3                                    BACKGROUND

¶ 4    On October 27, 2021, AAA Group Contractors, Incorporated (AAA), Basel Alshwait, and Abedmawaf Alshwait (collectively Plaintiffs), filed a two-count complaint against Ahmed Alkilani and Kamal Woods[1] (collectively Defendants). In their complaint, Plaintiffs allege Alkilani breached an oral agreement to construct a carwash and entered into a separate agreement with Woods to operate the carwash and exclude Plaintiffs from any monies due them for their initial construction work.

¶ 5    Plaintiffs state that in October 2017, they entered into an oral agreement with Alkilani to build a carwash at 132-136 East Sibley Boulevard in Dolton, Illinois. Alkilani would pay $176,000 for the work. The parties further agreed in the alternative to payment that at Plaintiffs' sole option, Basel and Abedmawaf would become equal partners with Alkilani in the property and carwash business. Construction on the property was completed in October 2020, after which, Alkilani failed

---

[1] Woods is not a party to this appeal.

to pay Plaintiffs. Basel and Abedmawaf then exercised their option to become equal partners. Alkilani refused and instead agreed with Woods to operate the car wash and split the profits between themselves but represented to Plaintiffs that he leased the carwash to Woods with one year of free rent.

¶ 6    Alkilani was served with the complaint on November 23, 2021, but Plaintiffs' attorney failed to sign the complaint, and it did not contain a certificate of verification.[2] The caption in the summons contained two misspellings: Basel's name was shortened to "Bas," and Alkilani's last name was misspelled as "Akilani." Alkilani's name was spelled correctly throughout the remainder of the summons. In addition, on the second page of the summons, Abedmawaf's first name was misspelled as "Abedmanaf."

¶ 7    On January 5, 2022, Plaintiffs filed a motion for default against both Defendants.[3] Plaintiffs refiled their motion only against Alkilani on March 9, 2022, but noticed the motion to Alkilani, Woods, and Attorney Fadi Rafati. While the "Certification of Service" in the notice of motion indicated Plaintiffs mailed the motion to the Defendants, it did not state on which day it was placed in the mailbox. On April 12, 2022, the circuit court found both Defendants in default.[4] The court further entered a default judgment against Alkilani in the amount of $176,500 in compensatory damages and $250,000 in punitive damages.

---

[2] Plaintiffs refiled their complaint on November 3, 2021. Plaintiffs' attorney signed this copy of the complaint and attached a certificate of verification. Plaintiffs did not serve this version of the complaint.

[3] The Cook County Sheriff attempted and failed to serve Woods on November 17, 2021. Plaintiffs attempted to serve Woods through a special process server on January 4, 2022, which also failed. Plaintiffs moved to serve Woods through the Illinois Secretary of State on May 4, 2022, yet the court did not rule on the motion as Rafati appeared on his behalf on May 25, 2022.

[4] On February 22, 2023, the circuit court amended its default judgment order *nunc pro tunc* to April 12, 2022, removing Woods from its finding of default.

¶ 8     Rafati filed his appearance on behalf of the Defendants on May 25, 2022. That same day, the circuit court gave Alkilani fourteen days, or until June 8, 2022, to file a motion to vacate the default judgment, and Woods fourteen days to file a motion to dismiss. Neither defendant filed a motion within the timeframe. On July 6, 2022, Defendants orally moved to substitute counsel. The court granted the motion and gave Defendants seven days, or until July 13, 2022, to file "any motions they deem appropriate. . .with no further extensions to be granted." Neither defendant filed a motion before the deadline.

¶ 9     Attorney David Sweis filed his appearance on behalf of the Defendants on August 19, 2022. On September 28, 2022, Alkilani filed a petition to vacate the circuit court's April 12, 2022 default judgment order under Section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022))[5]. In his petition, Alkilani first argued the court's judgment was legally defective, as Plaintiffs served him with an unsigned complaint without a verification certificate and a defective summons that failed to properly identify the Plaintiffs or correctly spell his name. Second, Alkilani argued the judgment was improper as Plaintiffs' motion for default did not comply with the court's standing order which required it to be supported by various documentation, nor did the court schedule the motion for prove-up.

¶ 10    Alkilani attached a series of affidavits asserting the Plaintiffs did not perform under the agreement. He also alleged that he and Woods did the work alleged in the complaint. Alkilani contended the affidavits served as new evidence that was not part of the record at the time the court entered its judgment, and as such, the court must vacate the judgment, citing *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill.2d 85, 94 (2006). Alkilani further argued he exercised due

---

[5] Woods filed a separate motion to dismiss himself from this action pursuant to Section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)). The circuit court granted the motion on January 19, 2023.

diligence under the circumstances in presenting these defenses, as Rafati withdrew from the case due to an unknown conflict. Subsequently, Alkilani retained Sweis and argued, as a matter of equity, the court should not consider his conduct as lacking in due diligence.

¶ 11    The circuit court denied Alkilani's petition on January 25, 2023. First, the court found the summons was not defective as the misspellings in the document were not substantial such that Alkilani would not have been on notice about the lawsuit. Second, the court found that Plaintiffs' motion complied with the court's standing order, as Plaintiffs supplied the court with the documents and were not required to file them along with the motion.

¶ 12    Finally, the circuit court found Alkilani did not exercise due diligence in responding to the complaint because Alkilani's affidavit states that he learned of the lawsuit in December 2021, but did not give any grounds to support the reasonableness of his delay in responding. The court likened Alkilani's behavior to *McGinley Partners, LLC v. Royalty Properties, LLC*, 2018 IL App (1st) 172976, ¶ 30, where a different panel of this court found movants did not exercise due diligence in presenting their defense because they had knowledge of the action but did not file responsive pleadings before the circuit court entered judgment. Here, the circuit court noted Sweis was diligent in raising these defenses, but the diligence of Sweis did not excuse the behavior of Rafati. This appeal followed.

¶ 13                                    JURISDICTION

¶ 14    Alkilani appeals the circuit court's January 25, 2023, order denying his petition to vacate the default judgment entered on April 12, 2022. Alkilani filed his notice of appeal on February 24, 2023. Therefore, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 15                                    ANALYSIS

¶ 16    Section 2-1401 of the Code allows vacatur of a judgment older than 30 days or one that is void. 735 ILCS 5/2-1401 (West 2022). Under the statute, a party must file their petition in the same proceeding in which the judgment was entered no later than 2 years after its entry. *Id* § 2-1401(b), (c). Section 2-1401 constitutes an exception to the general rule that the trial court loses jurisdiction after 30 days, and this exception is a limited one. *Lofendo v. Ozog*, 118 Ill. App. 3d 237, 240 (1983). The purpose of a Section 2-1401 petition is to bring before the court matters not appearing in the record, which if known to the court at the time the judgment was entered, would have prevented its rendition. *Universal Outdoor, Inc. v. Des Plaines*, 236 Ill. App. 3d 75, 81 (1992). Section 2-1401 does not afford litigants a remedy whereby they may be relieved of the consequences of their own mistakes or negligence. *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110 (2009).

¶ 17    The nature of a Section 2-1401 petition is critical, as it dictates the proper standard of review on appeal. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 15. A petitioner may seek vacatur of a judgment due to errors of law apparent on the face of the record. The Illinois Supreme Court's decision in *Collins v. Collins*, 14 Ill. 2d 178, 182-83 (1958), best illustrates this kind of petition. *Harris Bank N.A. v. Harris*, 2015 IL App (1st) 133017, ¶ 51. In *Collins*, the court noted when a judgment is contrary to a rule of law or statutory provision, Section 2-1401 allows a petitioner to seek vacatur for error apparent on the face of the record. *Collins*, 14 Ill.2d at 182-83. The error alleged must be apparent from an examination of the record as the court will not examine the evidence in the case. *Collins*, 14 Ill. 2d at 183. The inquiry is whether the circuit court's ruling was legally inconsistent with the undisputed facts. *Aurora*, 2012 IL App (2d) 110899, ¶ 21. Because the petition is based on obvious legal errors, the petitioner does not need to show due diligence. *Id*. ¶ 19. The question of whether there is an error apparent on the face of the

record is a question of law. *Aurora*, 2012 IL App (2d) 110899, ¶ 21 (citing *Regner v. Hoover*, 318 Ill. 169, 171 (1925)). When presented with an issue that is purely a question of law, our review is *de novo*. *People v. Caballero*, 206 Ill. 2d 65, 87-88 (2002).

¶ 18    Alkilani presents two arguments alleging errors apparent on the face of the record. First, he argues the record shows the circuit court failed to properly examine the summons and complaint. He notes that the complaint served was an unsigned pleading and should have been stricken under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Alkilani asserts because the record does not show that Plaintiffs issued a new summons with the amended complaint, the circuit court improperly entered a default judgment against him. Second, he claims the judgment should be vacated as the court did not follow its procedures regarding the motion for default. Alkilani notes his petition alleged the Plaintiffs' notice of motion was improper and that the circuit court failed to conduct a prove up hearing prior to entering judgment.

¶ 19    While not statutes, Illinois Supreme Court rules have the force of law and should be followed. *People v. Glasper*, 234 Ill. 2d 173, 189 (2009). Rule 137 requires every pleading of a party represented by an attorney to be signed by at least one attorney of record in the attorney's individual name. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). If the pleading is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. *Id*. The plain text of Rule 137 allows an attorney to cure a pleading in violation of the rule when it is brought to their attention. *See Gershak v. Feign*, 317 Ill. App. 3d 14, 24 (2000) (the trial court erred in not allowing attorneys to cure a defective signature in their filed rejection of arbitration award).

¶ 20    Here, Plaintiffs filed their initial unsigned complaint on October 27, 2021. On November 3, 2021, Plaintiffs refiled their complaint, which was signed by their attorney of record. Illinois courts

have granted parties leave to sign papers previously out of compliance with Rule 137. *Brown and Keer, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1029 (1999) (circuit court granted defendants leave to sign a motion to reconsider two months after it was initially filed). We find Plaintiffs filing their signed complaint a week after filing an unsigned one is compliant with Rule 137.

¶ 21   Alkilani's contention that Plaintiffs were required to issue a new summons with the November 3, 2021, complaint is misguided. The November 3, 2021, complaint was a pleading filed subsequent to the initial October 27, 2021, complaint. Rule 104(b) requires pleadings, written motions, and other required documents to be filed with a certificate of counsel or other proof that they were served on all parties who have appeared and not found in default. Ill. Sup. Ct. R. 104(b) (eff. Jan. 4, 2018). The plain text of Rule 104 does not require a new summons to issue when a plaintiff files a new pleading, such as a complaint curing a prior Rule 137 defect. Furthermore, Rule 104(d) states that plaintiff's failure to serve a subsequent pleading does not impair the jurisdiction of the court, nor render the court's holding void. *J.P. Morgan Mortgage Acquisition Corp. v. Straus*, 2012 IL App (1st) 112401, ¶ 13 (quoting Ill. S. Ct. R 104(d) (eff. Jan. 4, 2018)). We do not find an error on the face of the record with respect to the unsigned complaint from October 27, 2021.

¶ 22   We do find errors in the record as it pertains to Plaintiffs' refiled motion for default and the circuit court's judgment order. While Plaintiffs assert that they served Alkilani notice of their motion for default, the notice of motion was not in compliance with Illinois Supreme Court Rules. Illinois Supreme Court Rule 11(a) states that if a party is represented by an attorney of record, service shall be made upon the attorney and, otherwise, service shall be made upon the party. *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053 ¶ 19. Here, when the Motion for

Default Judgment and Notice of Motion for Default were filed and allegedly served, Alkilani was not represented by counsel. Yet, the only proposed legitimate form of service was by email to Rafati who had not appeared as counsel. Such attempt at service of the motion and notice of motion to Rafati was a violation of Rule 11(a) because Plaintiffs were required to serve Alkilani as a party. Ill. Sup. Ct. R. 11(a).

¶ 23    Illinois Supreme Court Rule 12(a) states when service of a paper is required, a party shall file proof of service with the clerk. *Secura Ins. Co. v. Illinois Farmers Ins. Co*, 232 Ill.2d 209, 216 (2009). Illinois Supreme Court Rule 12(b)(5) provides where service is by mail, a party proves service by certifying who placed the document in the mail, along with the time and place of mailing. Ill. Sup. Ct. R. 12(b)(5). Proof of proper service of mail must be made in substantial compliance with the requirements of Rule 12. *CitiMortgage Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39. The reason for the requirement in Rule 12(b)(5) is elementary – if there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed. *Secura Ins. Co.*232 Ill.2d at 216.

¶ 24    Here, Plaintiffs' March 9, 2022, Notice of Motion for Default states that Plaintiffs emailed and mailed the motion and notice to Alkilani, Woods, and Rafati, but the notice only provides an email address for Rafati, who did not file an appearance until May 25, 2022. As previously stated, Rafati did not represent Alkilani on the date that notice was allegedly served, or on the date the default judgment order was entered. We also note that the Notice of Motion for Default Judgment does not indicate the date on which the motion and notice of motion were deposited in the mailbox. The notice of motion leaves a blank space for the date in "March 2022." While Plaintiffs seek to state they served Alkilani the motion for default via mail prior to the April 12, 2022, hearing, the record does not indicate when, or if at all, it was sent. We find that the record does not show

Alkilani was served the motion for default as Plaintiffs' notice of motion is out of compliance with Rule 12(b)(5). The circuit court's local rule requires motions, pleadings or other papers filed with the clerk of the court and not in compliance with Rules 11 and 12 to be struck (Cook County Cir. Ct. R. 1.1(b) (July 1, 1976). Upon review of the face of the record, we find the entry of default judgment was improper as Plaintiffs' notice of motion was out of compliance with Rule 12(b)(5).

¶ 25    In addition to the error in the Notice of Motion for Default, it is imperative to note that the record does not indicate that a prove up hearing occurred prior to the court entering judgment. It is not a prerequisite that a default judgment be preceded by an order of default – a court may simultaneously enter the default and judgment. *Wilson v. TelOptic Cable Const. Co., Inc.*, 314 Ill.App.3d 107, 130 (2000). An order for default is not a final judgment as it does not dispose of the case and determine the rights of the parties. *Fidelity Nat. Title Ins. Co. of New York v. Westhaven Properties Partnership*, 386 Ill.App.3d 201, 211 (2007). A default judgment is comprised of two factors: (1) a finding of the issues for the movant; and (2) an assessment of damages. *Jackson v. Hooker*, 397 Ill.App.3d 614, 620-21 (2010). Even where there has been a default order entered; a plaintiff is still required to prove up its default damages. *Illinois Neurospine Institute, P.C.*, v. Carson, 2017 IL App (1st) 163386, ¶ 33. There is no report of proceedings or other record of the April 12, 2022, hearing other than the court's order. The court's order does not indicate if a prove up hearing was scheduled or if it occurred on April 12, 2022, and the order does not acknowledge a prove up. We find that the entry of default judgment was improper.

¶ 26                                CONCLUSION

¶ 27    For the above reasons, we reverse the judgment of the circuit court, vacate the default judgment order entered April 12, 2022, and remand for further proceedings consistent with this order.

¶ 28    Reversed and remanded.